WRIGHT, Presiding Judge.
This is a divorce case.
John W. Boggan and Vincenta Sanchez Boggan were divorced on June 2, 1982, after a ten-year marriage. Pursuant to a separation agreement, Mr. Boggan was ordered to pay alimony of $430 per month. On May 17, 1983, he petitioned for modification of the original divorce decree, requesting the elimination of alimony. After an ore tenus hearing held August 31, 1983, alimony was reduced to $350 per month. Mr. Boggan thereafter filed a motion for new trial which was denied. He appeals here, asserting that the trial court abused its discretion in failing to further reduce or eliminate the alimony due. We affirm.
It is axiomatic that in a modification proceeding the burden of establishing a material change in circumstances necessitating modification rests on the moving party. Taylor v. Taylor, 418 So.2d 148 (Ala.Civ.App.1982). The only evidence of changed circumstances presented by Mr. Boggan is his remarriage and his ex-wife’s increase in income due to her recent employment. Although both of these factors may be considered, neither in and of itself warrants a reduction in alimony. Jeffcoat v. Jeffcoat, 423 So.2d 888 (Ala.Civ.App.1982); Blackwell v. Blackwell, 399 So.2d 313 (Ala.Civ.App.1981). A review of the record indicates that these factors were considered and that alimony was in fact reduced.
We have frequently stated that modification of alimony provisions of a divorce decree is within the sound discretion of the trial court whose judgment will only be reversed by this court upon a finding of an abuse of discretion. Lamar v. Lamar, 429 So.2d 1055 (Ala.Civ.App.1982). Where, as here, a modification is granted after an ore tenus hearing, it is presumed correct. Brothers v. Vickers, 406 So.2d 955 (Ala. Civ.App.1981). Keeping this presumption in mind along with the trial court’s proper consideration of the only alleged change in circumstances, we see no abuse of discretion and no error in the trial court’s decision.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.