This case involves the modification of periodic alimony.
After an ore tenus hearing, the Madison County Circuit Court denied the husband's petition for modification of periodic alimony and further found the husband to be $7,500 in arrears in alimony payments. The husband appeals from that judgment and we affirm.
Viewing the record with the attendant presumptions, we find the following facts are pertinently revealed:
This couple was divorced in 1977. An agreement was reached between the parties, which provided in part that the husband would pay periodic alimony to the wife, totaling $1,000 per month.
The record reveals that the husband is self-employed as an owner of an insurance agency in Huntsville. Testimony presented by the husband suggested that he had suffered financial difficulty in recent years, which had resulted in his personal income decreasing from $34,603 in 1979 to a net loss of $2,401 in 1984. However, there was other evidence which revealed purchases by the husband of a townhouse for $83,500 in 1984 and a Mercedes-Benz for $24,500 in 1983. Additionally, it was shown that the husband made loans regularly to friends and was a generous benefactor of a state university. *Page 768 
The wife is employed by a travel agency, earning an hourly wage of $5.58. In addition, the wife has some income in large measure derived from the assets awarded to her in the original divorce decree. The record reveals that the wife had monthly expenses which totaled $1,375. The wife has several debts, a substantial portion of which arises from loans from family members.
The husband, through able counsel, contends that the trial court abused its discretion in failing to modify the periodic alimony obligations of the husband as provided by the divorce decree. We disagree.
It is recognized that periodic alimony may be modified when there has been a material change in circumstances of either or both parties. Murphy v. Murphy, 470 So.2d 1297 (Ala.Civ.App. 1985). The burden of proving a change in financial circumstances of a party as a basis for modifying an alimony award is on the party seeking such a change. Stinson v.Stinson, 466 So.2d 971 (Ala.Civ.App. 1985); Boggan v. Boggan,447 So.2d 1311 (Ala.Civ.App. 1984); Bell v. Bell,443 So.2d 1258 (Ala.Civ.App. 1983).
The trial court's decision as to whether periodic alimony should be modified is a discretionary matter and will not be reversed on appeal unless there was such an abuse of discretion by the trial court as to make the judgment palpably wrong.Murphy, 470 So.2d 1297.
The husband contends on appeal that he has suffered such a decrease in income that the trial court erred in not modifying the periodic alimony obligation. While we note that the husband has presented evidence of an annual decrease in his income since 1978, we also note that his actual net worth doubled.
Further, we find that, while the husband reported a net loss of income totaling $2,401 in 1984, he was financially able to purchase a townhouse for $83,500. We find this evidence and other evidence of loans to friends and purchases of vehicles to be totally inconsistent with the husband's financial instability contention. The trial court noted this inconsistency and stated the following in its order:
 "The Court having considered and weighed the evidence is of the opinion that there exists a substantial conflict in the evidence bearing upon the financial circumstances of Defendant-Petitioner. The Court is unable to reconcile the income claimed with the investments, gifts, property acquisitions, substantial gain in net worth and other substantial financial transactions voluntarily entered into by Defendant-Petitioner."
Additionally, we would reiterate that in periodic alimony modification cases the law is concerned with one's ability to earn, as opposed to actual earnings, in determining whether periodic alimony should be terminated, increased, or reduced in modification proceedings. Ebert v. Ebert, 469 So.2d 615
(Ala.Civ.App. 1985).
While we note that the wife has enjoyed some success in liquidating assets received at the time of the divorce, we fail to find this liquidation of assets as being in and of itself a material change in circumstances inuring to the husband's benefit.
In view of the above, the trial court did not abuse its discretion in refusing to modify the periodic alimony obligations of the husband.
For the foregoing reasons, this case is due to be and is hereby affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur. *Page 769