This is a divorce decree modification case.
Dominique and Gary McCalla were divorced in 1979. The decree of divorce incorporated an agreement between the parties made prior to the divorce. The agreement gave custody of the parties' three minor children to the wife and provided that she would receive $500.00 per month for their support and maintenance. The agreement also provided that the wife would receive $1,250.00 per month as alimony. Both the child support and alimony payments were subject to increase yearly in an amount equal to the federal Cost of Living Index provided the husband's salary increased at a rate at least equal to that amount.
In 1985 the wife filed a petition in the Jefferson County Circuit Court for modification of the divorce decree, seeking to increase child support and alimony payments. Her petition asserted that a material change in circumstances had occurred due to a substantial increase in her need, the increased cost of child care, and the husband's enhanced ability to pay due to a growth in his personal wealth. After an ore tenus hearing, the trial court entered an order denying modification. The wife appeals and we affirm.
A trial court may modify an award of alimony and child support in a divorce decree upon a showing of changed circumstances of one or both of the parties. The trial court's decision will not be reversed unless it is clearly an abuse of discretion. Barran v. Barran, 431 So.2d 1278 (Ala.Civ.App. 1983).
In determining whether there has been a sufficient change in circumstances, factors such as wife's financial need and the financial ability of the husband to respond to those needs must be considered. Matthews v. Matthews, 404 So.2d 692
(Ala.Civ.App. 1981). Even though there may be some change in circumstances since the divorce decree, the modification remains a matter in the trial court's discretion. Clement v.Clement, 455 So.2d 46 (Ala.Civ.App. *Page 511 
1984). It is the burden of the moving party to establish the conditions necessitating a modification. Taylor v. Taylor,418 So.2d 148 (Ala.Civ.App. 1982).
In this case, the trial court found that there was not such a material change of circumstances to justify a modification. We hold that the court did not err to reversal in reaching such decision. Although there was a change in the financial status of the husband, the wife did not show that her financial need had increased or that her circumstances had changed sufficiently to demand modification. This is particularly true in that the wife now receives $30,000.00 per year in alimony and child support and now has only one of the children living with her. Furthermore, the payments may still increase with the cost of living in the future, and the father has been generous with all of the children concerning educational expenses as well as gifts not provided for by the divorce decree.
The judgment of the trial court is affirmed.
Appellant's request for attorney's fee on appeal is denied.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.