This is a periodic alimony modification case.
The parties were divorced in February 1976. The divorce judgment adopted therein the provisions of an agreement of the parties which divided their property, awarded the custody of their three minor children to the wife, and ordered the husband to pay $155 per month to the wife as periodic alimony and also to pay to her the amount of $115 per month for each child for support.
The three children have reached their majority and are married. The husband is no longer required to pay child support.
He petitioned that the periodic alimony payments be terminated. His averment therein as to a material change in the circumstances was that the wife is now employed full time and, including the alimony paid to her by him, has a greater monthly income than does the husband. After an ore tenus trial before the trial court, a judgment was entered which denied the husband's petition for alimony modification, and the husband timely appealed.
The wife's yearly base pay from her permanent government job increased by 235.8% in the ten-year period after the divorce, from $8,341 in 1976 to $28,011 in 1986. She was only employed for twenty hours per week in 1976, but now works full time. During that same period of time, the husband's annual salary increased 88.5%, from $16,791 to $31,655. There was no *Page 823 
evidence before the trial court concerning either party's expenses.
 "Periodic alimony has as its sole object the support of the wife. LeMaistre v. Baker, 268 Ala. 295, 105 So.2d 867 (1958). Accordingly, it may be terminated when the dependent former spouse is self-supporting, since the object for which it was granted no longer exists. Such self-support constitutes in itself such a material change in the circumstances as to authorize the termination of periodic alimony by a trial court.
 " 'We recognize that the modification of a decree for alimony remains a matter for the discretion of the trial court, even though there may be shown some change in circumstances since the last decree. Snow v. Snow, 393 So.2d 1020
(Ala.Civ.App. 1981). In reviewing the exercise of that discretion as shown by the judgment entered after oral hearing of testimony, we accord it a presumption of correctness. With such a presumption in mind, our task is simply to determine if there was sufficient evidence before the trial court to support its judgment against a charge of clear arbitrariness and abuse of discretion. Prentice v. Prentice, 440 So.2d 1091
(Ala.Civ.App. 1983); Dean v. Dean, 424 So.2d 1323 (Ala.Civ.App. 1982).'
 "Clement [v. Clement], 455 So.2d 46, at 47 [ (Ala.Civ.App. 1984)]. Here, the trial court did not abuse its discretion."
Allen v. Allen, 477 So.2d 457, 458-59 (Ala.Civ.App. 1985).
While the wife's income substantially increased over the ten-year period, no evidence was presented as to her expenses and, in the absence of such proof, it is impossible to determine whether she is self-supporting. Total income must equal or exceed expenses in order for a person to be self-supporting. Therefore, the trial court did not abuse its discretion in denying periodic alimony termination as sought by the husband.
We hasten to point out that even where a recipient of periodic alimony is determined to be self-supporting, such fact would merely authorize a trial court to terminate or modify periodic alimony in its discretionary power, yet such would not necessarily mandate the court to do so.
We affirm.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.