Theodore Bell, appellant, and Lillie Bell, appellee, were married in Rochester, New York, in 1968. They jointly owned a home there in which they resided until Lillie Bell moved to Tuscaloosa, Alabama, in 1979. Theodore Bell's past business failures and unpaid debts stymied the couple's efforts to jointly purchase a home in Tuscaloosa. Later, however, Lillie Bell did purchase a *Page 913 
home in Tuscaloosa in her name only. Theodore agreed to such purchase. The couple's Rochester home burned in 1981, and in 1983, Theodore moved to Tuscaloosa.
In its decree of divorce, the trial court awarded the Tuscaloosa home to appellee and ordered appellant to pay $100.00 per month alimony. Appellant received the New York property.
Appellant's essential complaints here are that such award by the trial court was an abuse of discretion, unequal, and inequitable. His principal contention concerns the Tuscaloosa home, which he maintains was the major part of the marital assets.
The evidence shows that a fire loss settlement of $16,000.00 for the New York home was made to the parties. Although much of the testimony concerning amounts of expenditures of this settlement is unclear, appellant claims he sent appellee $3,000.00 for the down payment on the Tuscaloosa home. Appellee's testimony was that she has made the home mortgage payments from her income since her purchase of this home.
These matters are within the sound discretion of the trial court, whose decision will not be disturbed unless plainly and palpably wrong. We are not convinced that the trial court abused its discretion. Phillips v. Phillips, 489 So.2d 592
(Ala.Civ.App. 1986).
Appellant argues that as there was no finding of fault in the divorce of the parties, there was no basis for an unequal division of the marital assets. However, the law in Alabama is clear that in a divorce action, division of property does not have to be equal, only equitable. Furthermore, each case must be decided on its own facts and circumstances. Abrell v.Abrell, 454 So.2d 1024 (Ala.Civ.App. 1984). We are not satisfied that the division of assets here was inequitable.
The record in this case reflects that Lillie Bell was shouldering the primary responsibility financially for the Tuscaloosa home. Theodore Bell was unemployed for significant periods of time both before and after his move to Alabama.
We now come to the final and somewhat unique proposition presented by this appeal. Is a verbal judgment of divorce valid? If so, does it prevent the trial court from assessing alimony in a subsequent, written divorce decree?
The record on appeal reflects that appellee, Lillie Bell, filed her complaint for divorce on October 22, 1984. A pendente lite order was entered on December 11, 1984, and after additional pleadings and discovery concerning the couple's property, the case was tried on October 30, 1985. On October 81, 1985, the trial court entered a pretrial order which recited:
 "This Cause was heard in open Court on October 30, 1985, wherein by separate order the parties were divorced on the grounds of incompatibility of temperament. However, the Court reserved judgment on the disposition of the property in New York, the property in Tuscaloosa and an allocation of responsibility as to the judgment rendered against the parties by the New York bank."
A pretrial conference was held on February 21, 1986, and a final judgment was rendered on July 23, 1986. The final judgment recited:
 "These parties were divorced on grounds of incompatibility in open Court at the conclusion of the trial on the 30th day of October 1985. However no written divorce judgment was entered to that effect. Further, the Court continued the remaining issues concerning property division pending further information and submissions from the respective Counsel."
If a judgment of divorce is entered without alimony or reservation of future consideration, the power to grant alimony is lost. Murphree v. Murphree, 366 So.2d 1132 (Ala.Civ.App. 1979). Therefore, if the court's oral decree of divorce of the parties in open court on October 30, 1985, was a *Page 914 
valid decree of divorce, then the award of alimony to the appellee in the court's final judgment on July 23, 1986, was improper, as the trial court did not reserve the right to grant alimony. We note, however, that Rule 58, Alabama Rules of Civil Procedure, allows a judge to render his order in one of four ways. These are:
 "(1) by notation thereof upon his bench notes without any other or further written document, or (2) by executing a separate written document, or (3) by including the order or judgment in his opinion or memorandum, or (4) by simply appending to his opinion or memorandum or including therein his direction as to the order or judgment sought to be entered."
Each proper rendition of an order provided for in Rule 58 calls for some type of writing. There is no indication in the record on appeal that any writing was made pursuant to the court's "oral divorce decree" of October 30, 1985. Indeed, the final judgment of that court on July 23, 1986, contains the statement that although the parties were divorced in open court on October 30, 1985, "no written divorce judgment was entered to that effect."
This court has previously held that a trial court's oral judgment on questions of property division is "unknown, unauthorized and ineffective in Alabama." Hobbs v. Hobbs,423 So.2d 878 (Ala.Civ.App. 1982). A decree of divorce must be in written form.
Alabama case law consistently refers to a divorce decree as a document in written form and holds that decrees of divorce are to be construed like any other written instruments.Hawkins v. Hawkins, 470 So.2d 1283 (Ala.Civ.App. 1985).
Thus, as the oral divorce decree entered by the court on October 30, 1985, was not a valid decree, the trial court could properly grant alimony in its final judgment in July of 1986, the July judgment being the only true and properly rendered decree.
We have reviewed the evidence presented and find no palpable abuse of discretion of the trial court. The judgment of that court is therefore affirmed.
AFFIRMED.
BRADLEY, P.J., and HOLMES, J., concur.