This is an alimony modification case.
The parties to this proceeding were divorced in 1983, after approximately thirty years of marriage and the birth of three children. The divorce decree provided that Mr. Thomas was to pay to Mrs. Thomas $150 per week as alimony and child support. In 1986 the trial court modified the divorce decree to eliminate child support but decreed that periodic alimony would be $150 per week. In September 1987 Mr. Thomas again sought to reduce or eliminate the periodic alimony payments. After a hearing the trial court modified the divorce decree by reducing the alimony payments to $100 per week. Mr. Thomas appeals.
Mr. Thomas contends that the trial court erred in not eliminating the alimony payments.
Periodic alimony may be modified when there has been a material change in circumstances of the parties. Griffin v.Griffin, 479 So.2d 1283 (Ala.Civ.App. 1985). The modification of periodic alimony is discretionary with the trial court, and its decision to modify will not be overturned except for an abuse of discretion. Cox v. Cox, 485 So.2d 767 (Ala.Civ.App. 1986). In determining whether there has been a change in circumstances, the trial court must consider the financial needs of the wife and the financial ability of the husband to respond to wife's needs. McCalla v. McCalla, 497 So.2d 509
(Ala.Civ.App. 1986). Although there may be some change in circumstances since the divorce decree, modification is still discretionary with the trial court. McCalla, supra.
The facts reveal that Mr. Thomas is sixty-two and is drawing Social Security payments of $630.60 per month. He formerly was president of Associated Construction Engineers, but says that he no longer has any connection with the company. He further stated that he is disabled and cannot work. He said that his sole source of income is the Social Security payments.
The wife is not employed and was not employed during the marriage. She has savings accounts and other property resulting from inheritances and settlements arising out of the divorce decree.
The record does reflect that Mr. Thomas has, since the time he allegedly severed his *Page 1045 
connection with the company, performed work for the company. The new president of the company, the second Mrs. Thomas, testified she only paid Mr. Thomas's medical insurance premiums for his work. The second Mrs. Thomas did say she needed Mr. Thomas's help in completing several projects on which her company was the principal contractor.
Although the evidence reveals that Mr. Thomas's income has decreased considerably, we are unable to say that the circumstances have changed to such an extent that the reduction of periodic alimony from $150 per week to $100 per week is an abuse of the trial court's discretion. Consequently, its judgment is affirmed.
AFFIRMED.
HOLMES and INGRAM, JJ., concur.