L. CHARLES WRIGHT, Retired Appellate Judge.
This is a child support modification case.
Walter and Regina Kerr were divorced in August 1985. The judgment of divorce incorporated a written agreement between the parties. The agreement gave the mother custody of the parties’ minor son and daughter and provided that the father pay $100 per week child support.
In October 1987, the mother filed a petition to modify, seeking to have the trial court increase the weekly child support payments. The mother’s petition asserted that a material change in circumstances had occurred due to an increase in the children’s needs and the father’s enhanced ability to pay. After an ore tenus proceeding, the trial court denied the mother’s modification relief. The mother appeals.
A prior child support award may be modified only on proof of changed circumstances, and the burden of proof rests on the party seeking the modification. Forlini v. Forlini, 455 So.2d 855 (Ala.Civ.App.1983). The modification of child support for changed circumstances is a matter strictly within the trial court’s discretion. The trial court’s decision will not be disturbed upon appeal unless there is a clear abuse of discretion. Bass v. Bass, 475 So.2d 1196 (Ala.Civ.App.1985). “With such a presumption in mind, our task is simply to determine if there was sufficient evidence before the trial court to support its judgment against a charge of clear arbitrariness and abuse of discretion.” Clement v. Clement, 455 So.2d 46, 48 (Ala.Civ.App.1984).
The mother contends that the trial court’s denial of her petition to modify is so unsupported by the evidence as to be plain *960 ly and palpably wrong and an abuse of discretion. She asserts that she met her burden and proved that there was a material change in the needs of the children as well as a material change in the financial ability of the father.
At the hearing, the mother introduced evidence tending to show that the expenses associated with the parties’ children have substantially increased. Her evidence was that the children’s monthly expenses have increased from $476 in 1985 to $1,255 in 1988. She contends that the increase is in direct correlation with the increase in the children’s ages and the effects of inflation. The daughter is at present sixteen years old, and the son is twelve years old. The mother testified that her personal monthly expenses are $1,388.00. She claims that she does not have funds available to adequately provide for herself and the children with the child support she is presently receiving and that she has already spent $2,000 of her savings just to help defray costs. The mother is employed by a law firm and makes $22,000 per year. She claims both children for income tax purposes.
Concerning the father’s enhanced financial status, there was testimony that his salary has increased from $460 per week in 1985 to $950 per week in 1988. The father has remarried, and the joint tax return filed for 1987 shows an adjusted gross income of approximately $73,000. There was testimony that the father has an outstanding mortgage on his house of approximately $160,000 and that he has recently purchased a new car and a real estate lot. There was no testimony concerning the husband’s expenses except that the new car is financed; his monthly house payment is approximately $1,300; and he pays monthly on his daughter’s orthodontic bill.
The father testified that the increase in his finances has benefited the children. He claims that he spent $18,000 on his children between August 1985 and December 1987. He said that “eleven thousand of that has been child support, and the rest of it being miscellaneous expenses, twenty-five hundred and some-odd dollars for orthodontics, which [his] insurance did not cover on [the] daughter.” The father asserts that, if the child support were to be increased, he would not be able to do for the children what he is presently doing. He remains, under the original decree, responsible for all medical expenses of the children.
The father’s substantial increase in his financial status can be said to be a material change in circumstances. However, even when a material change has occurred, the decision to modify the child support remains within the sound discretion of the trial court. McCalla v. McCalla, 497 So.2d 509 (Ala.Civ.App.1986). The trial court found that the father voluntarily expended sums of money above and beyond that required by the original divorce decree. Although there is some dispute as to the amount of excess funds expended on the children, it is apparent that the trial court based its decision on the fact that the mother failed to show a material change in the needs, conditions, and circumstances of the children. The wife’s assertion that the children’s expenses—expenses upon which she had agreed two years earlier—have more than tripled seems skeptical at best.
The trial court found that the father has been generous with the children. The court may have considered that such generosity would continue and that a modification was not necessary. Should such not be the case, further consideration of modification by the court is available. We cannot say that the trial court’s decision was one of “clear arbitrariness” sufficient to constitute an abuse of its discretion.
The judgment of the trial court is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.