L. CHARLES WRIGHT, Retired Appellate Judge.
This is a child support modification case.
Marcus Rogers and Barbara Rogers Bell were divorced in October 1978. The judgment of divorce gave the mother custody of the parties’ minor son and daughter. The father was ordered to pay $100 per month, per child, plus all medical expenses. In November 1985 the parties entered into a court-approved agreement in which the child support was increased monthly to $162.50 per child.
In October 1987 the mother filed a petition to modify seeking to have the trial court increase the monthly child support payments to $275 per child. Her petition asserted that a material change in circumstances had occurred due to an increase in the children’s needs and the father’s enhanced ability to pay. Following an ore tenus proceeding, the trial court denied the mother’s modification relief. The mother appeals.
A prior child support award may be modified only on proof of changed circumstances and the burden of proof rests on the party seeking the modification. McCalla v. McCalla, 497 So.2d 509 (Ala.Civ.App.1986). The modification of child support is a matter strictly within the trial court's discretion and will not be disturbed upon appeal unless there is a clear abuse of discretion. Bass v. Bass, 475 So.2d 1196 (Ala.Civ.App.1985).
The mother asserts that the trial court’s denial of her petition to modify is *32 unsupported by the evidence and therefore an abuse of discretion. She contends that she met her burden and proved that there was a material change in the needs of the children as well as an enhanced financial ability of the father to meet those needs.
During the proceeding the mother introduced evidence tending to show that the expenses associated with the parties’ children have substantially increased. She contends that the increase is in direct correlation with the increase in the children’s ages and the effects of inflation. Presently, the daughter is seventeen years old and a senior in high school. The mother asserts that her daughter’s expenses have increased due to transportation expenses (car payments, insurance payments, and gasoline) and senior expenses (“senior portraits, proms, banquets, honor society and a senior trip”). The mother contends that her thirteen-year-old son’s expenses have increased because “[a]s a member of the basketball team [he] is required to buy uniforms and shoes and as a Boy Scout he is required to buy uniform and pay dues.” The mother testified that the total expenses for both children equal about $800 per month. She testified that five children live in her household, that she is married to a Methodist minister, and that she does not have funds available to adequately provide for her two children from her previous marriage. She claims to have a personal income of approximately $100 per month. She claims both children for income tax purposes.
Concerning the father’s financial status, there was testimony that his total income has increased from approximately $36,000 in 1985 to approximately $38,000 in 1987. He has $13,000 in a savings account and $10,000 in an IRA. He has approximately $63,000 equity in his home. He has not remarried, and he claims to have monthly expenses of $1,500.
There was testimony that the father has been generous with his children over and above the court-ordered child support. Such recent generosities to his daughter include a $200 class ring, new glasses, money for a trip to New York and Washington, and tuition and books for summer school at Birmingham Southern College. In addition to purchasing clothing for both children, he has purchased basketball and school shoes for his son. He maintains $5,000 in a savings account for each child in order to assist them with their education at a later date. The children also receive the yearly interest from these accounts. The father asserts that he “will continue to assist his minor children on a direct basis by providing them with monetary benefits over and above court ordered child support.”
After considering the evidence, the trial court found that the mother failed to prove a material change in the needs, conditions, and circumstances of the children. There is evidence of a change in the needs of the children and some enhancement of the finances of the father since the last decree. There is also evidence that the father has recognized those needs and has made a substantial contribution toward them above the monthly payments. It is to be presumed that the trial court considered those contributions and the stated willingness of the father to assist the children when requested by them. Such willingness is to be encouraged. It is not every change in circumstances which requires a modification. Kerr v. Kerr, 537 So.2d 959 (Ala.Civ.App. 1988); McCalla, supra. This is such a case and we rely upon the judicial discretion of the trial judge. We do not find the evidence sufficient to overcome the presumption of correctness of the exercise of that discretion.
The mother’s request for attorney’s fee is denied.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of section 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.