This case involves modification of a divorce decree as it pertains to child support and periodic alimony.
The parties were divorced September 20, 1983. The divorce decree ordered inter alia that the husband pay periodic alimony to the wife of $225 monthly, and child support for the two minor children of the marriage in the amount of $400 monthly. In June 1988, the wife filed a motion to modify child support. She alleged a material change in circumstances due primarily to inflation and the increased ages of the two children, now ages 12 and 14, and requested an increase in child support payments. In his answer, the husband counterclaimed, asking to terminate periodic alimony payments, contending that the wife was now self-supporting. After receiving evidence ore tenus, the trial court denied the husband's motion regarding periodic alimony, and granted the wife's motion to the extent of an additional $100 per month per child. Husband appeals. Finding no basis requiring reversal, we affirm.
The dispositive issue on appeal is whether the trial court abused its discretion in refusing to terminate periodic alimony and in increasing child support.
At the outset, we note that the amount of periodic alimony and child support, along with subsequent modifications, are matters that rest soundly within the trial court's discretion, which will not be disturbed on appeal, absent an abuse of discretion that is so unsupported by the evidence as to be plainly and palpably wrong. See (regarding periodic alimony)Thomas v. Thomas, 532 So.2d 1043 (Ala.Civ.App. 1988); Murphyv. Murphy, 470 So.2d 1297 (Ala.Civ.App. 1985). See (regarding child support) State Dept. of Human Resources v. Middleton,519 So.2d 540 (Ala.Civ.App. 1987); Brannon v. Brannon,477 So.2d 445 (Ala.Civ.App. 1985).
The husband contends the holding in Allen v. Allen,477 So.2d 457 (Ala.Civ.App. 1985), that periodic alimony may be terminated when the receiving party becomes self-supporting is controlling. In that case, we affirmed termination of periodic alimony, based on testimony from the wife, that it was no longer necessary that she receive periodic alimony. We recognized in Allen that the function of periodic alimony is to provide support, and that it may be terminated when it is determined that the dependent former spouse is self-supporting, since the object for which it was granted no *Page 1204 
longer exists. There were similar facts in Waltman v. Waltman,528 So.2d 867 (Ala.Civ.App. 1988), where we affirmed termination of periodic alimony. In Waltman, the wife received a substantial settlement in a personal injury action which constituted a material change in circumstances, allowing her to be self-supporting and no longer in need of support from the former husband.
We have held that termination is not mandated even where a recipient of periodic alimony is determined to be self-supporting. Peterman v. Peterman, 510 So.2d 822
(Ala.Civ.App. 1987). In fact, modification remains discretionary with the trial court, and it may consider factors such as whether the receiving spouse has dependents living with him or her, the conduct of the parties with particular reference to the cause of divorce, and any other material and relevant circumstance.Murphy, supra.
Peterman, supra, at 823, defined self-supporting for alimony purposes to mean that "total income must equal or exceed expenses." In Peterman, evidence showed the wife's income had substantially increased since the divorce decree was rendered. However, there was no evidence presented as to the wife's expenses and needs, and without such, it was impossible to determine whether she was self-supporting. In the instant case, there was evidence presented that the wife's salary had almost doubled. There was also testimony that even so, this still was not enough to provide a home for her and the children; therefore, she could not yet be considered self-supporting by the Peterman standard.
Able counsel for the wife succinctly argues in her brief:
 It is inconceivable that a wife and mother who comes to court essentially stating she cannot meet her obligations on the support she is receiving should be punished by having her alimony reduced for a net effect of leaving her with less money than what she had to begin with."
We find ample evidence in the record to support the trial court's determination to deny the husband's motion to terminate periodic alimony.
We now address the child support issue. We have held that among many factors considered in child support modification are ages of the children and inflation. Young v. Young,376 So.2d 737 (Ala.Civ.App. 1979). It is clear from the record that the father has means available to increase the child support. Without question, the cost of raising children today has substantially increased since the original child support agreement over five years ago. The trial court had evidence before it to support increasing child support payments. For this court to reverse and substitute its judgment for that of the trial court is contrary to what the law allows. Brannon,supra.
The wife's request for attorney's fee for representation on this appeal is denied.
This case is due to be affirmed.
AFFIRMED.
INGRAM, J., concurs.
HOLMES, P.J., not sitting.
 *Page 271