ROBERT P. BRADLEY, Retired Appellate Judge.
This is a periodic alimony modification case.
Billy and Doras Armstrong were divorced in October 1984. The parties had three children, one of whom was a minor at the time of the divorce. The court awarded the wife $75 per week as child support and $75 per week as periodic alimony.
On September 20, 1988 the husband filed a motion to modify the divorce decree by terminating child support and alimony. Af *1018 ter a hearing the trial court terminated child support but refused to terminate the alimony. The husband appeals and contends that the trial court erred by refusing to terminate the alimony.
“Periodic alimony may be modified when there has been a material change in circumstances of the parties. Griffin v. Griffin, 479 So.2d 1283 (Ala.Civ.App. 1985). The modification of periodic alimony is discretionary with the trial court, and its decision to modify will not be overturned except for an abuse of discretion. Cox v. Cox, 485 So.2d 767 (Ala.Civ.App.1986). In determining whether there has been a change in circumstances, the trial court must consider the financial needs of the wife and the financial ability of the husband to respond to wife’s needs. McCalla v. McCalla, 497 So.2d 509 (Ala.Civ.App. 1986). Although there may be some change in circumstances since the divorce decree, modification is still discretionary with the trial court. McCalla, supra.”
Thomas v. Thomas, 532 So.2d 1043 (Ala. Civ.App.1988).
The evidence shows that since the divorce the wife’s monthly income has increased slightly and the husband’s income has decreased about $300 per month. However, the wife testified that she needed the alimony payments to pay her rent and utilities. She further testified that she could not live on her salary alone; she said she depended on the alimony payments to meet her living expenses.
If an ex-wife is shown to be self-supporting, a trial court is authorized to terminate or modify periodic alimony but is not mandated to do so. Peterman v. Pe-terman, 510 So.2d 822 (Ala.Civ.App.1987). The husband argued that the wife was earning more at the time of the modification petition and that the minor child had been emancipated; hence, he argues, she was self-supporting and did not need the alimony. However, as pointed out above, the wife stated that she needed the alimony to pay her living expenses. We find no abuse of discretion in the trial court's refusal to terminate periodic alimony payments to the wife.
The husband also argues that the trial court erred in refusing to give effect to the statements by the divorce court judge which were, in substance, that alimony would cease when the last child became an adult.
We agree that there are statements in the original divorce record made by the trial judge to the effect that an award of alimony would continue while there were children going to school and living with the mother. However, there are no such conditions contained in the written divorce decree.
We have held that a trial court’s oral divorce decree is unauthorized and ineffective. Hobbs v. Hobbs, 423 So.2d 878 (Ala. Civ.App.1982). Moreover, Rule 58, Alabama Rules of Civil Procedure, requires an order of the court to be in writing. See, Bell v. Bell, 509 So.2d 912 (Ala.Civ.App. 1987). Consequently, the trial court in the case at bar was not bound to consider the oral statements, made by the trial judge in the original divorce case, as conditions in the divorce decree for the termination of periodic alimony.
The wife is awarded an attorney’s fee on appeal in the amount of $400.
The judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge ROBERT P. BRADLEY while serving on active duty status as a judge of this court under the provisions of section 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.