RUSSELL, Judge.
This case concerns a modification of a divorce decree.
The parties were initially divorced by a decree of the trial court dated August 24, 1984, following an application by the appel-lee (wife) for a divorce by default judgment. At that time the trial court ordered the appellant (husband) to make child support payments of $150 per week until the parties’ youngest child turned 19 years of age and periodic alimony payments of $75 per week. In October 1984, following a petition by the husband, the trial court set aside the default judgment and granted the husband a trial on the merits. The court also ordered the husband to continue making child support and alimony payments until the case was heard.
Following a trial in November 1984, the court divorced the parties on the grounds of incompatibility. The trial court further entered an order, wherein the husband’s child support obligations remained the same as previously ordered; however, the trial court reserved matters relating to periodic alimony payments pending a future order.
On April 17, 1985, the trial court entered a “final judgment of divorce,” wherein the husband was ordered to make payments of $150 per week to the wife as periodic alimony. The husband’s child support payments were reduced to $50 per week.
On March 30, 1990, alleging a material change in circumstances, the husband petitioned the trial court for modification of the child support and periodic alimony payments he was obligated to make under the April 17, 1985, decree. The husband based his petition for modification on the grounds that the parties’ youngest child had reached age 19; he also alleged a decrease in his own income and an increase in the wife’s income. In response, the wife counter-petitioned for modification.
Following an ore tenus proceeding, the trial court found that there had been no material change in the circumstances of the parties since the rendition of the April 1985 decree. Accordingly, the trial court denied both the husband’s petition for modification and the wife’s counter-petition. The husband’s subsequent motion for a new trial was also denied. From the judgment of the trial court, the husband appeals. We affirm.
The husband first contends that the trial court erroneously proceeded to trial on his petition for modification with a judge different from the judge who had previously presided over the parties’ divorce case. Next, he contends that the trial court abused its discretion in denying his petition for modification of periodic alimony payments.
*570 At the outset we note that where evidence is presented ore tenus, the judgment of the trial court is presumed correct on appeal unless it is so unsupported by the evidence as to be plainly and palpably wrong. Coby v. Coby, 489 So.2d 597 (Ala.Civ.App.1986). We note also that alimony, child support, and their subsequent modifications are matters resting within the sound discretion of the trial court; the trial court’s judgment will not be reversed absent a showing of abuse of that discretion. Lucero v. Lucero, 485 So.2d 347 (Ala.Civ.App.1986); Brannon v. Brannon, 477 So.2d 445 (Ala.Civ.App.1985).
As to the husband’s first contention, the record indicates that in the presence of counsel for both parties, Judge Paul S. Conger, Jr., who had entered the decree of April 17, 1985, and had presided over all other proceedings related to the parties’ divorce, declined to preside over the modification hearing and instructed Judge Thomas B. Woodard to proceed with the case. In an ore tenus proceeding that commenced on May 22, 1990, in the Tuscaloosa County Circuit Court, Judge Woodard heard the evidence relevant to the husband’s petition for modification. The husband asserts that Judge Woodard improperly proceeded to trial because the judge had not been involved in previous conferences, hearings, and discussions between the trial court and the parties and therefore could not appreciate the nature of Judge Conger’s decree of April 17, 1985.
We have reviewed the record and can find no indication that the husband raised the issue of Judge Woodard’s qualifications to hear the case until after Judge Woodard had made his ruling on the petition for modification; the husband’s first objection on this ground was in his motion for new trial. This court has previously stated that:
“[a] party, who has knowledge of facts, cannot normally withhold from a court his objections based upon, such information, and thereby gamble upon the final results of the litigation, and, upon an adverse judgment, successfully raise such an issue for the first time through a post-judgment motion.”
Hall v. Hall, 421 So.2d 1270, 1271 (Ala.Civ.App.1982).
The husband had knowledge of Judge Woodard’s familiarity with the issues surrounding his case prior to going to trial on his petition for modification. Because the husband objected for the first time to Judge Woodard’s qualifications only after receiving an adverse judgment, we find that the trial court was not in error in denying a new trial on these grounds.
The husband next contends that the trial court abused its discretion in denying his petition for modification of periodic alimony. He alleges that this was specifically a result of Judge Woodard’s failure to recognize that the decree of April 1985, wherein Judge Conger reduced child support payments from $150 per week to $50 per week and increased periodic alimony payments from $75 per week to $150 per week, was based solely on Judge Conger’s desire to provide a tax benefit to the husband and not out of any desire to compensate the wife for her inability to earn money. It is the husband’s contention that all parties understood that the increased alimony payments and reduced child support payments were temporary and were to last only until the parties’ youngest child reached age 19.
In her answer and counter-petition to the husband’s petition to modify, the wife asserted that the award of periodic alimony in the April 1985 decree was based not only on the court’s desire to provide income tax benefits to the husband but also on its desire to provide support for the wife because she has much less earning capacity than the husband.
A review of the record reveals that the wife earns approximately $690 per month and has not experienced a significant increase in her financial fortune since the divorce decree. She is not always able to work 40-hour weeks due to health problems. The parties have three children, ages 19, 20, and 21, all of whom attend college and all of whom live with and are dependent upon the wife. The husband *571 does not help the children with their college expenses.
The record also shows that the husband’s gross income in 1984 was $39,900, and his gross income in 1985 was approximately $30,000. His current gross income is $30,-068 per year. He has remarried and shares household expenses with his present wife, who is also employed. The combined gross income of the husband and his present wife is over $41,000 per year. Basing its finding on household income versus living expenses, the trial court determined that the husband and his present wife have a comfortable standard of living. The trial court also found that there had been no appreciable material change in the financial condition of the parties since the divorce decree.
In determining whether there has been a change in circumstances, the trial court must consider the financial needs of the wife and the financial ability of the husband to respond to the wife’s needs. McCalla v. McCalla, 497 So.2d 509 (Ala.Civ.App.1986). Although there may be some change in circumstances since the divorce decree, modification is still discretionary with the trial court. Thomas v. Thomas, 532 So.2d 1043 (Ala.Civ.App.1988); McCalla, 497 So.2d 509.
In view of the parties’ relative financial positions, both at the time of the decree and at present, the wife’s contention that the award of periodic alimony in the April 1985 decree was based not only on the desire to provide income tax benefits to the husband but also to provide future support for the wife is well taken. We find nothing in the record to indicate that Judge Woodard’s refusal to modify the periodic alimony payments would be contrary to equity or contrary to Judge Conger’s intent as expressed in the April 1985 decree. The husband’s contention that Judge Woodard failed to give due consideration to his arguments regarding the grounds for the award of periodic alimony in the April 1985 decree is, accordingly, not well taken.
After a review of the record, we are unable to say that the trial court abused its discretion or that its judgment is plainly or palpably wrong.
This case is due to be affirmed.
The wife’s .request for an attorney’s fee on appeal is granted in the amount of $250.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.