L. CHARLES WRIGHT, Retired Appellate Judge.
After a ten-year marriage, the parties were divorced in September 1976. The decree was modified in 1980 and 1987. The 1987 order provided, among other things, that custody of the parties’ older son be awarded to the husband and that the husband be responsible for the younger son’s tuition “at such private or parochial school as agreed by the parties through his minority.” The husband was ordered to pay to the wife $800 per month as alimony and child support.
In June 1990 the wife filed a motion for rule nisi, maintaining that the husband refused to pay the tuition for the younger child. In a separate motion she petitioned the court for a Rule 32, Alabama Rules of Judicial Administration, increase in child support and requested that alimony be set at $600 per month.
The husband filed a counterclaim and requested that the court enter appropriate decrees relative to the educational expenses of the younger child. He requested that child support be suspended during the child’s attendance at boarding school. He further asked that the periodic alimony payments be terminated because the wife had become self-supporting.
After hearing the evidence the trial court ordered that the alimony and child support be decreased to $400 per month. It ordered the father to be responsible for the child’s tuition at the boarding school.
The wife filed a motion to reconsider. The court amended its order and directed the husband to continue to pay $800 per month as previously ordered by the court. Of that amount, $400 was awarded as child support and $400 as alimony. The court further ordered the husband to be responsible for the child’s room and board at the boarding school. The husband appeals from this amended order.
Initially the husband asserts that the trial court erred in refusing to terminate the periodic alimony. He suggests that the order to terminate the alimony was contrary to the evidence which showed the wife to be self-supporting.
The amount of periodic alimony awarded and subsequent modifications are matters which rest within the trial court’s discretion and will not be disturbed on appeal absent an abuse of that discretion. Harris v. Harris, 543 So.2d 1203 (Ala.Civ.App.1989). Termination is not' mandated even where a recipient of periodic alimony is determined to be self-supporting. Peterman v. Peterman, 510 So.2d 822 (Ala.Civ.App.1987).
The record reflects that the wife’s income has substantially increased since the divorce decree was rendered. She is employed with the Mobile County school system and earns approximately $28,000 annually. There was testimony, however, that her earnings were not enough to sustain even her frugal lifestyle. She testified that she cannot afford to pay for necessary repairs to her house and car, and she has been unable to continue her quest for a higher academic decree because of lack of funds. She said that in the last few months her sisters have had to monetarily assist her.
The husband has a net worth of $1,364,-724. He drives a Mercedes-Benz automobile, for which he pays $1,000 per month. In 1990, at the time of the hearing, he paid approximately $25,000 for the living expenses and education of his girlfriend. He sold his dental practice for $200,000, received $80,000 down, and is financing the rest. He receives $1,500 per month in payments. This is in addition to his regular *1303 earned income of approximately $70,000 annually. He is additionally paying $1,300 per month to a third wife of a four-year marriage with no children.
In view of the former husband’s considerable income and assets and other evidence in the record, we are unable to find an abuse of discretion in the denial of the husband’s motion to terminate periodic alimony.
The husband next contends that the trial court erred in refusing to suspend child support payments for the months that the child attends boarding school.
The record reflects that there has not been an increase in child support since 1980. The mother testified that the child’s needs have increased since that time and that his attendance at boarding school has added to this increased need. She stated that there have been increases in the child’s expenses in the form of clothing costs. The record shows that the child has had difficulty adjusting to the boarding school. Due to this difficulty, the mother has incurred travelling expenses. Each weekend she has her mother pick up the child at school in Mississippi and bring him to Mobile. She takes the child back to school every Sunday. It is clear from the record that the father has ample means to pay the ordered support.
Child support and its subsequent modifications are matters which rest within the trial court’s discretion and will not be disturbed on appeal absent an abuse of that discretion. State Dep’t of Human Resources v. Middleton, 519 So.2d 540 (Ala.Civ.App.1987). The trial court had evidence before it to support its award of child support. We will not reverse and substitute our judgment for that of the trial court in view of the evidence. Brannon v. Brannon, 477 So.2d 445 (Ala.Civ.App.1985).
The judgment of the trial court is affirmed.
The wife’s request for an attorney’s fee on appeal is granted in the amount of $500.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.