THIGPEN, Judge,
dissenting.
My review of this record discloses ample evidence supporting the trial court’s judgment, and fails to disclose any abuse of discretion; therefore, I must respectfully dissent.
The modification of alimony based upon changed circumstances is a matter that rests soundly within a trial court’s discretion. Paajanen v. Paajanen, 600 So.2d 293 (Ala. Civ.App.1992). This court has historically given great deference to a judgment that is based upon ore tenus evidence since the trial court is in a unique position to observe the witnesses, to consider their demeanor, their apparent candor, or their evasiveness, and to determine their credibility. Brown v. Brown, 586 So.2d 919 (Ala.Civ.App.1991).
This record contains substantial financial information regarding both parties, including tax returns and testimony regarding investments, income, and financial lifestyles. The alimony provision of the divorce judgment was entered based upon an agreement of the parties, and, although that judgment is a part of this record, there is nothing to indicate how the alimony decision was reached. It is undisputed that the wife’s inheritance was considered before the divorce judgment was entered, and she has received no additional inheritance. There is simply no evidence in this record indicating that the wife has had a change of circumstances since the divorce judgment. The alimony provision of the divorce judgment is based upon essentially the same relative financial positions that existed at the hearing on this modification petition. The record is clear that since the divorce, the wife has liquidated certain assets and managed others wisely. In managing her inheritances, which were known at the time of the divorce, the wife has converted some assets to cash, sold some properties, and transferred funds. A change in the form of an asset is not a change in circumstances. Ex parte McCracken, 576 So.2d 664 (Ala.1991).
Although the record evidence regarding the wife’s income is based upon her gross income, the evidence regarding the husband’s income is based upon his net, taxable income after he subtracts substantial losses from a nursery business that has continued to operate at a loss since 1984, several years before the divorce. The evidence is clear that since the divorce, the husband’s dental practice of over thirty years has continued to thrive, and that he continues to receive the same amount of annual oil income as the wife. The gross incomes the husband receives are offset by his continuing ability to show a loss in the nursery business, thus reducing his “net” or “taxable” income figures well-below his actual income.
The husband also still has substantial investment interests in the same properties as at the time of the divorce, and those investment interests have increased in value. When specifically questioned by the Court regarding why his net worth has decreased since the divorce, the husband responded that he now has debts he did not have before. Specifically, the house and 195 acres, valued at approximately $400,000, that the husband received unencumbered in the divorce settlement, now have a mortgage against them. The husband testified that he obtained a mortgage against them for approximately $80,000 to cover losses in the nursery.
When questioned by the Court regarding how the husband’s income can be less than his annual oil income, it was explained that the nursery business losses reduced his income from other various sources, including his dental practice, oil income, and investment income. The trial court expressed specific concerns and asked questions regarding the husband’s business losses. The husband testified that although he had operated the nursery at a continuous loss since 1984, he anticipated that it will make money in the future.
When questioned regarding whether the nursery accounts paid specific bills for per *420 sonal items, such as electricity for his home and his personal credit cards, the husband’s answers were vague and evasive. His answers to questions regarding his personal use of a new pick-up truck purchased by the nursery accounts were similarly ambiguous. Furthermore, although the husband testified that he had to economize, he also testified that he recently paid $13,000 for cosmetic surgery for him and his new wife approximately one month prior to this hearing.
The record reveals that the wife’s financial management since the divorce has resulted in profits. At most, regarding the husband’s finances, record evidence indicates that although his worth and income have increased since the divorce, he continues to show less net income by showing greater losses and less net worth by choosing to borrow against his properties. In terms of the basic financial holdings and needs, the parties are situated no differently now than they were at the time of the divorce.
In this case, the trial court faced unique and special circumstances. There is an inference that the alimony provision in the original divorce judgment was designed to punish the husband for marital misconduct. In his reply brief, the husband questions that if penalty were the purpose of this alimony order, how much is a sufficient penalty for him to pay.
A trial court may impose an alimony obligation for marital misconduct, Ala.Code 1975, § 30-2-52, and marital misconduct may be considered in determining an award. See Lones v. Lones, 542 So.2d 1244 (Ala.Civ.App. 1989). In fashioning its awards, the trial court considers the unique facts and circumstances of each case. Benbow v. Benbow, 601 So.2d 1010 (Ala.Civ.App.1992). Although the primary purpose of alimony is support, there may be occasions when a division of marital assets at the time of the divorce is impossible or impractical. Furthermore, periodic alimony, unlike a property division, is not dischargeable in bankruptcy and is modifiable under the trial court’s continuing jurisdiction.
Although alimony may be terminated when a former spouse becomes self-supporting, there is no absolute requirement that a trial court do so in a modification proceeding. Preble v. Preble, 589 So.2d 1301 (Ala.Civ.App. 1991); Peterman v. Peterman, 510 So.2d 822 (Ala.Civ.App.1987). The trial court’s discretionary authority in these matters is so broad that even if this husband had proven changed circumstances since the divorce, the trial court is not legally required to modify its prior judgment. See Mullins v. Mullins, 475 So.2d 578 (Ala.Civ.App.1985). Modification of an amount based upon an agreement between the parties requires clear and sufficient reasons after thorough consideration and investigation. Taylor v. Taylor, 369 So.2d 1240 (Ala.Civ.App.1978), cert. denied, 369 So.2d 1243 (Ala.1979).
Although it may not constitute an abuse if ordered, there is no legal requirement to terminate the alimony of a receiving spouse who has chosen wise investments and is profitable in managing finances. Such a practice would punish wise financial managers, reward those who make poor financial decisions, and encourage payors to find “tax shelters” to show a decrease in net worth and net income regardless of actual income and worth. This case exemplifies the wisdom in the time-honored ore tenus rule which affords a presumption of correctness to the judgment of the trial court which saw and heard the witnesses and can best adjudge their credibility. The record is replete with evidence supporting the trial court’s decision to deny the husband’s petition for termination of periodic alimony, and I find no abuse of discretion.