BRYAN, Judge.
 

 Tiffany Sasser Meek (“the wife”) appeals from a judgment of the Baldwin Circuit Court that divorced her from William Patrick Meek (“the husband”). We
 
 *391
 
 dismiss the appeal as being from a nonfinal judgment.
 

 The parties married on March 11, 1995, and one child was born of the marriage, a girl born in May 2003 (“the child”). On June 1, 2006, the husband filed a complaint for a divorce on the grounds of incompatibility of temperament and an irretrievable breakdown of the marriage.
 
 [1]
 
 In his complaint, the husband requested that the trial court equitably divide the marital assets and liabilities of the parties. On June 26, 2006, the trial court entered a “standard” order (“the June 2006 order”) that addressed issues such as child support, visitation, the financial obligations of the parties, and the disposal of assets during the pendency of the divorce proceedings. The case was initially set for trial on September 26, 2006, but it was continued several times throughout 2006 and 2007.
 

 On November 26, 2007, the husband filed a motion seeking to hold the wife in contempt because, he alleged, the wife had restricted his visitation with the child in violation of the visitation provisions in the June 2006 order. The trial court conducted an ore tenus hearing on the pending divorce complaints
 
 [2]
 
 and the husband’s motion for contempt on May 2, 2008, on July 81, 2008, and on November 12, 2008.
 
 [3]
 

 On April 14, 2009, the wife filed an “Instanter Motion to Require Compliance with [the June 2006 order]” (“the wife’s motion for contempt”). In that motion, the wife alleged that the husband was in contempt of paragraph four of the June 2006 order, which ordered the parties “to pay debts incurred during the marriage and any other regular, recurring monthly financial obligations ... in the same manner and from the same sources as they have customarily been paid during the marriage.” The wife also alleged that the husband was in contempt of paragraph five of the June 2006 order, which ordered that “[t]he parties shall not dispose of assets acquired during the marriage without leave of court, except where necessary in the normal and reasonable course of business.” As noted in the wife’s motion for contempt, the June 2006 order was still in effect because the trial court had not entered another order changing or amending the provisions in the June 2006 order.
 

 The trial court conducted a hearing on the wife’s motion for contempt on May 4, 2009. A transcript from that hearing is in the record on appeal, and, during the hearing, the trial court stated that a “draft order” had been sent via electronic mail (“e-mail”) to the parties’ attorneys shortly after the final ore tenus hearing in November 2008; apparently, the draft order eon-
 
 *392
 
 tained certain provisions that the trial court wanted to include in the final judgment. The trial court determined that the draft order sent via e-mail was as effective as if the decisions set forth in the draft order had been “verbally ordered ... from the bench.” The record indicates that the trial court determined that the wife’s motion for contempt had been filed after a decision had been rendered, apparently referring to the 'draft order that was sent via e-mail. Thus, according to the trial court, the June 2006 order was no longer in effect at the time that the wife’s motion for contempt was filed. Following the hearing on the wife’s motion for contempt, the trial court entered an order that stated: “The [wifej’s [motion for contempt] will be taken as a Motion to Alter, Amend, or Vacate upon the entry of the Final Decree in this matter.”
 

 On June 26, 2009, the trial court purported to enter a final judgment that divorced the parties (“the June 2009 order”). The June 2009 order, among other things, awarded the wife legal and physical custody of the child; awarded the husband visitation with the child; ordered the husband to pay child support; awarded the husband the dependent-child income-tax deduction; ordered the husband to pay the wife rehabilitative alimony retroactively from November 16, 2008, and prospectively from that date for 24 months; ordered the husband to pay one-half of the wife’s health insurance “for a period of [24] consecutive months following this divorce”; awarded the wife all equity in the marital residence, which was ordered to be sold; and awarded the wife 50% of the husband’s retirement fund. Finally, the trial court “ordered” that the June 2009 order became effective on November 16, 2008, approximately 7 months before the entry of the judgment.
 

 On July 24, 2009, the wife purported to file an “amended and restated motion to alter, amend, or vacate” or, in the alternative, a motion for a new trial, pursuant to Rule 59, Ala. R. Civ. P. In her motion, the wife again sought to hold the husband “accountable for his obligations” pursuant to the June 2006 order; she also sought postjudgment relief from certain provisions in the June 2009 order. The trial court conducted a hearing on the wife’s motion and entered an order amending certain provisions of the June 2009 order that were related to, among other things, the marital residence and the husband’s retirement account. The wife filed a notice of appeal to this court on October 6, 2009.
 
 [4]
 

 On appeal, the wife challenges certain provisions in the June 2009 judgment. However, before we consider the wife’s contentions on appeal, we must determine if this court has jurisdiction to hear the appeal. Generally, an appeal to this court lies only from the entry of a final judgment.
 
 See Richburg v. Richburg,
 
 895 So.2d 311, 313 (Ala.Civ.App.2004) (quoting
 
 Marsh v. Wittmeier,
 
 280 Ala. 172, 173, 190 So.2d 920, 920 (Ala.1966)) (“ ‘A final judgment is necessary to give jurisdiction to this court on appeal.’ ”). “A judgment is final if it disposes of all the claims and controversies between all the parties.”
 
 Id.
 
 (citing
 
 Heaston v. Nabors,
 
 889 So.2d 588 (Ala.Civ.App.2004)). “The only exception to this rule of finality is when the trial court directs the entry of a final judgment pursuant to Rule 54(b), Ala. R. Civ. P.”
 
 Henning v. Henning,
 
 999 So.2d 523, 525 (Ala.Civ.App.2008).
 

 The record on appeal reveals that the husband, on November 26, 2007, and the wife, on April 14, 2009, filed mo
 
 *393
 
 tions for contempt that alleged violations of certain provisions of the June 2006 order during the pendency of the divorce proceedings. The record does not contain an order disposing of either motion for contempt. “The pendency of an unadjudi-cated contempt motion alleging a party’s failure to obey orders entered during the progress of the litigation renders a judgment nonfinal.”
 
 A.C. v. C.C.,
 
 34 So.3d 1281, 1287 (Ala.Civ.App.2009) (citing
 
 Decker v. Decker,
 
 984 So.2d 1216 (Ala.Civ.App.2007), and
 
 Heaston v. Nabors, supra).
 
 “[A] trial court’s failure to rule on a contempt motion relating to an interlocutory order [in a divorce proceeding] would render any subsequent judgment nonfinal because the filing of the contempt motion would not be considered as having initiated a separate proceeding.”
 
 Decker v. Decker,
 
 984 So.2d at 1220.
 

 The trial court apparently did not rule on the wife’s motion for contempt because it was under the impression that a draft order sent to the parties’ attorneys via e-mail constituted a rendition of a final judgment that replaced the June 2006 order. However, Rule 58, Ala. R. Civ. P., which sets forth the procedure for rendition and entry of a final judgment, states:
 

 “(a) Rendition of Orders and Judgments. A judge may render an order or a judgment: (1) by executing a separate written document, (2) by including the order or judgment in a judicial opinion, (3) by endorsing upon a motion the words ‘granted,’ ‘denied,’ ‘moot,’ or words of similar import, and dating and signing or initialing it, (4) by making or causing to be made a notation in the court records, or (5) by executing and transmitting an electronic document to the electronic-filing system.
 

 “(b) Sufficiency of Order or Judgment. An order or a judgment need not be phrased in formal language nor bear particular words of adjudication. A written order or a judgment will be sufficient if it is signed or initialed by the judge ... and indicates an intention to adjudicate, considering the whole record, and if it indicates the substance of the adjudication.
 

 “(c) Entry of Order or Judgment. Upon rendition of an order or a judgment as provided in subdivision (a)(l-4) of this rule, the clerk shall forthwith enter such order or judgment in the court record.
 
 An order or a judgment shall be deemed ‘entered’ within the meaning of these Rules and the Rules of Appellate Procedure as of the actual date of the input of the order or judgment into the State Judicial Information System.
 
 An order or a judgment rendered electronically by the judge under subdivision (a)(5) of this rule shall be deemed ‘entered’ within the meaning of these Rules and the Rules of Appellate Procedure as of the date the order or judgment is electronically transmitted by the judge to the electronic-filing system. The entry of the judgment or order shall not be delayed for the taxing of costs. Interest upon a judgment runs from the date the court renders the judgment.”
 

 (Emphasis added.)
 

 Although the trial court believed that an e-mail of a draft order was the rendition of a judgment in this case, Rule 58 does not allow for such method of rendition, nor does it allow for an “oral” rendition of a judgment.
 
 See, e.g., Bell v. Bell,
 
 509 So.2d 912, 914 (Ala.Civ.App.1987) (holding that “[a] decree of divorce must be in written form”). We recently stated, in
 
 Gilliam v. Gilliam,
 
 43 So.3d 615, 618 (Ala.Civ.App.2010), that “[a] judgment, although it has been rendered, is not considered effective until it has been entered within the meaning of Rule 58(c).” Thus, even
 
 if
 
 the trial
 
 *394
 
 court had properly rendered an order shortly after the November 2008 ore tenus hearing, the record indicates that an “effective” judgment was not entered into the State Judicial Information System until June 26, 2009.
 
 [5]
 
 Thus, the June 2006 order remained in effect until the trial court entered a judgment that disposed of all the claims and controversies between the parties, including the pending contempt motions filed by each party.
 

 “The question whether a judgment is final is a jurisdictional question, and the reviewing court, on a determination that the judgment is not final, has a duty to dismiss the case.”
 
 Hubbard v. Hubbard,
 
 935 So.2d 1191, 1192 (Ala.Civ.App.2006).
 
 [6]
 
 Because a review of the record in this case, reveals that the June 2009 order is not a final judgment, and because the trial court did not certify the June 2009 order as final pursuant to Rule 54(b), Ala. R. Civ. P., this court does not have jurisdiction to hear the wife’s appeal; therefore, we must dismiss the appeal.
 

 APPEAL DISMISSED.
 

 THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur.
 

 [1]
 

 . We note that the wife has attached several documents in an "appendix'' to her brief on appeal. However, "we are precluded from considering those items because they are not contained in the record on appeal.”
 
 Henning v. Henning,
 
 26 So.3d 450, 453 (Ala.Civ.App.2009) (citing
 
 Goree v. Shirley,
 
 765 So.2d 661, 662 (Ala.Civ.App.2000) ("reiterating the principle that '[t]he record on appeal cannot be supplemented or enlarged by the attachment of an appendix to an appellant’s brief ")).
 

 [2]
 

 . The record indicates that the wife had filed a complaint for a divorce in a separate action; however, an entry in the State Judicial Information System reveals that the trial court consolidated the parties' pending divorce actions on September 14, 2006.
 

 [3]
 

 .On December 8, 2008, the trial court entered an electronically filed order that stated that the husband’s attorney was to prepare a final order to be reviewed in January 2009. Nothing in the record indicates that an order was prepared at that time or that a review hearing was conducted in January 2009. The record contains an order that "reset” the case for disposition on February 13, 2009, but there is no indication in the record that a hearing was conducted on that date either.
 

 [4]
 

 . This case was not assigned to Judge Bryan until June 8, 2010.
 

 [5]
 

 . Because the June 2009 order did not become effective until it was entered into the State Judicial Information System on June 26, 2009, any attempt by the trial court to "order” that the June 2009 order became effective on November 16, 2008, is void.
 

 [6]
 

 . We note that the wife, on appeal, has raised an issue about two parcels of land that were not disposed of in the June 2009 order or in the order amending the June 2009 order. We express no opinion regarding whether the two tracts of land are marital property or separate property of the husband, but we note that the failure to dispose of all marital assets renders a divorce judgment nonfinal.
 
 See Johnson v. Halagan,
 
 29 So.3d 915, 918 (Ala.Civ.App.2009).