THOMPSON, Presiding Judge.
Kelly Renee Sims (“the mother”) appeals from a judgment of the Limestone Circuit Court divorcing her from Jason Pepper Sims (“the father”). Because we conclude that the trial court’s judgment was not a final judgment, we dismiss the appeal.
The parties were married on July 1, 2000. They are the parents of two children, both of whom were minors at the time of the trial in this case.
On May 13, 2009, the father filed an action seeking a divorce from the mother. The father also filed a petition for penden-te lite relief that included a request for temporary physical custody of the children and exclusive possession of the marital residence. The mother filed an answer to the complaint as well as a motion for pen-dente lite relief in which she sought custody of the children. The trial court held a hearing on the parties’ motions, after which, on July 1, 2009, the trial court entered a pendente lite order in which it awarded the parties temporary joint legal custody of the children, awarded the father temporary sole physical custody of the children, and awarded the father temporary exclusive possession of the marital residence.
*307 On October 7, 2009, the mother filed a motion to hold the father in contempt in which she contended that the father had violated the July 1, 2009, order by failing to pay the telephone bill related to the marital residence. The father filed a response in which he asserted that the mother had incurred the charges reflected in the telephone bill before the father had been awarded possession of the marital home and that he had declined to be responsible for the payment of that bill.
The trial court held a trial in the action on November 18, 2009, at which it received ore tenus and documentary evidence. On November 25, 2009, the trial court entered a judgment divorcing the parties and, among other things, awarding the parties joint legal custody of the children, awarding the father sole physical custody of the children, and requiring the mother to pay child support. The trial court did not rule on the.mother’s motion to hold the father in contempt.
The mother filed a motion to alter, amend, or vacate the judgment. The trial court granted that motion in part, amending its judgment to provide for a division of the equity in the marital residence. The mother appeals.
With limited exceptions not applicable in the present case, this court has appellate jurisdiction only over appeals from judgments that are final. § 12-22-2, Ala.Code 1975. A final judgment is one that disposes of all the issues pending before the trial court. See Brown v. Melton, 29 So.3d 868, 872 (Ala.2009). In the present case, the trial court resolved the father’s complaint for a divorce; however, it did not resolve the mother’s contempt motion.
In a recent case decided by this court, Meek v. Meek, 54 So.3d 389 (Ala.Civ. App.2010), a similar situation was presented. In that case, one of the parties had filed an action for a divorce and each party had subsequently filed a motion to hold the other in contempt for violating certain provisions of an interlocutory order that the trial court had entered. The trial court did not resolve those motions before entering a judgment resolving the divorce complaint. Discussing whether the trial court’s judgment was final, this court wrote:
“The record on appeal reveals that the husband, on November 26, 2007, and the wife, on April 14, 2009, filed motions for contempt that alleged violations of certain provisions of the June 2006 order during the pendency of the divorce proceedings. The record does not contain an order disposing of either motion for contempt. ‘The pendency of an unadju-dieated contempt motion alleging a party’s failure to obey orders entered during the progress of the litigation renders a judgment nonfinal.’ A.C. v. C.C., 34 So.3d 1281, 1287 (Ala.Civ.App.2009) (citing Decker v. Decker, 984 So.2d 1216 (Ala.Civ.App.2007), and Heaston v. Nabors, [889 So.2d 588 (Ala.Civ.App.2004) ]). ‘[A] trial court’s failure to rule on a contempt motion relating to an interlocutory order [in a divorce proceeding] would render any subsequent judgment nonfinal because the filing of the contempt motion would not be considered as having initiated a separate proceeding.’ Decker v. Decker, 984 So.2d at 1220.”
54 So.3d at 392-93.
In the present case, there remains pending before the trial court the mother’s motion to hold the father in contempt. Because the trial court did not resolve that motion, its judgment is not final and will not support an appeal. As a result, this court is left with no alternative but to dismiss the mother’s appeal. See Logan v. *308 Logan, 40 So.3d 721, 723 (Ala.Civ.App.2009).
APPEAL DISMISSED.
PITTMAN, BRYAN, THOMAS, and MOORE, JJ., concur.