This is a divorce case.
William C. Vines married Liane Vines, a citizen of West Germany, in Worms, Germany in 1966. They lived together as husband and wife until October 1, 1979 when *Page 840 
they separated. Two children were born of this marriage, namely, Melissa, age thirteen, and Ginger, age seven.
On February 28, 1980 the parties entered into an agreement which was incorporated into the final decree of divorce which was rendered on February 29, 1980. In that agreement husband agreed to pay wife $700.00 a month for child support, and $700.00 a month for alimony. The alimony payments were to be reduced to $500.00 a month in March 1981.
Also as part of the final decree, very specific visitation privileges were given to husband. He was to have the children every other weekend, five weeks in the summer, and one week at Christmas.
Although wife sought a rule nisi for husband's failure to pay alimony and child support, the issues presented on this appeal are concerned only with husband's petition for modification of the alimony and child support payments due to changed financial circumstances and the trial court's refusal to hold wife in contempt for allegedly failing to permit husband visitation with his children. We will consider the modification issue first.
To begin, it is the rule in Alabama that a trial court may modify an award of alimony and child support in a divorce case upon a showing of a material change in the financial circumstances of the parties, and such a modification will not be reversed on appeal unless the decree is plainly and palpably erroneous. Taylor v. Taylor, 369 So.2d 1240 (Ala.Civ.App. 1979). Furthermore, where the decree fixing alimony and child support is based on an agreement of the parties, that decree should not be modified "except for clear and sufficient reasons after the question has been subjected to thorough consideration and investigation." Hutton v. Hutton, 284 Ala. 91, 222 So.2d 348
(1969).
The burden of establishing the conditions authorizing a modification of the decree rests upon the moving party. Taylor v.Taylor, supra.
In the present case the husband sought a modification of the alimony and child support decree on the basis of changed financial circumstances of the parties. After a hearing the trial court refused to modify the former decree and, in effect, held that husband had failed to carry the burden of showing a material change in the parties' financial circumstances. Husband says in brief that the trial court erred in so holding. We disagree.
The evidence shows that at the time of the divorce, the husband was employed at Brada-Miller Freight Lines in Birmingham, Alabama earning $42,000 a year. The agreement which was made the basis of the trial court's decree provided that the husband was to pay $700 per month as support for his two children and $700 per month as periodic alimony until March 1, 1981 when this amount would be reduced to $500 per month. Husband paid the amounts required by the decree for the months of March and April of 1980. Thereafter husband made only partial payments or no payments at all. The trial court found that he was $6,200 in arrears in his payments. Husband attributes the failure to pay the amounts agreed to to changing jobs and being unemployed for about two months. At the time of the hearing husband was working for Indiana Refrigerator Truck Lines earning $32,500 and had been so employed for several months.
Husband testified that he had remarried since the divorce and that his living expenses had increased and his income had decreased. He particularly mentioned an indebtedness at First Alabama Bank of Birmingham in the amount of about $66,000. This debt resulted when husband borrowed $100,000 to buy stock in Brada-Miller Truck Lines. The stock was and still is pledged as security for the loan. Husband says the interest payments have increased and presents an added financial burden to him.
In the divorce decree husband received the stock in Brada-Miller and the wife received the marital home. Subsequent to the marriage the wife sold the house and placed the proceeds in a savings account and certificates of deposit. *Page 841 
The wife is employed part time and earns about $1,200 to $1,500 per year. She testified that she had to borrow about $6,000 from her family for living expenses because of husband's failure to maintain alimony and child support payments.
Although the trial court noted in its opinion that husband was earning the same amount of money at the time of the filing of the modification petition as he was earning at the time of the agreed-to divorce decree, the court went on to hold that the evidence failed to show that there had been a substantial change in the husband's financial circumstances such as to require a modification.
It is true that at the time husband filed the petition for modification he was still employed at Brada-Miller earning the same amount of money as he was earning at the time of the divorce decree. It was, however, shortly thereafter that he voluntarily left Brada-Miller and sought employment elsewhere. He was for about two months unemployed but did obtain employment earning about $1,000 per month less than he was earning at the time of filing the modification petition.
Husband's income has decreased about one-third but he is a certified public accountant and his prospects for future increases in earnings are good, whereas wife's earning prospects are not so good. Wife is from Germany and has an equivalent to our high school education. As previously noted, she is employed part time in a dress shop earning about $100 per month. She has no readily marketable job skills, although her health is good and she has sought employment.
The record reflects that at the time the motion for new trial was overruled in this case, husband's required payment of alimony and child support, i.e. $1,200 per month, was just over fifty percent of his net take-home pay, whereas at the time of the divorce decree husband's alimony and child support payments, i.e.
$1,400 per month, were slightly less than fifty percent of his net take-home pay.
In view of the above cited rule that an alimony and child support decree which is based on an agreement of the parties is not to be modified unless the evidence shows a material change in the financial circumstances of the parties, the trial court's decree refusing to so modify is not plainly wrong.
Husband's other issue concerns the trial court's refusal to hold wife in contempt for allegedly interfering with his visitation rights. The trial court denied husband's request for the rule nisi on the ground that the original divorce decree, although prescribing specific child visitation periods did not enjoin the parties from interfering with child visitation or from harassing each other relative to child visitation.
In his petition for the rule nisi the husband alleged that wife had discouraged and interfered with his efforts to visit his children and had discouraged the children from visiting with him by making untrue statements about him.
The evidence introduced in support of this aspect of the case was directed toward the interference of wife with husband's visitation, with her harassment of him, and with disparaging remarks about him made to the children in an effort to alienate them from him.
The trial court did refuse to grant husband relief because the divorce decree failed to enjoin the parties from interfering with each other's visitation rights and failed to enjoin the parties from harassing each other over child visitation. The trial court was correct in that the divorce decree contained no such injunctions; it merely specified the times when the parties were to have and to see the children. The trial court's decree is therefore correct. Notwithstanding the technical correctness of the trial court's order refusing the relief requested by husband, the evidence relating to child visitation also supports a refusal of husband's requested relief.
Husband made very few attempts to visit his children and then only for short periods *Page 842 
of time. He seldom called them on the phone and made little effort to remember them with gifts.
The one time wife refused husband visitation was due to his refusal to pay her child support that was overdue. She stated that she was mad with husband and thus refused visitation. Otherwise she encouraged the children to visit with their father.
Based on this evidence we could not say that the trial court's judgment denying husband's request for the rule nisi was in error.
The judgment of the trial court is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.