The former husband (husband) seeks modification of the alimony provisions of a divorce decree.
The parties were divorced in 1983 after a long marriage. There was a division of property, including several residential rental units. The wife was given substantially all of the real estate, subject to existing mortgages. The husband, among other things, was ordered to pay to the wife the amount of $300 per month as alimony. The payment was ordered allotted from the husband's military retirement pay.
Since the divorce the husband took forced retirement from his job with a State agency. Such retirement reduced his monthly income from the State of Alabama from a $30,000 annual salary to a $585 monthly retirement payment. However, his monthly income from military retirement, *Page 579 
state retirement and V.A. disability payment presently totals some $1,800 per month. There is apparently additional income from rents and interest on certificates of deposit. The husband has married a new wife who has some income from real estate sales commissions.
The wife has taught school for many years. She presently earns as much as, or more than, the husband. She also has substantial income from rents and interest on certificates of deposit.
It is evident from the evidence that the husband has the means to continue paying the alimony ordered only about two years ago. It is also evident that the wife has a substantial income, title to valuable property, with considerable cash on deposit. She also presumably may look forward to retirement from her teaching position and to Social Security.
It therefore is without question that there has been shown a substantial change in circumstances, particularly in the diminished income of the husband, since the divorce in May 1983. It is also without question that the income and financial condition of the wife has improved (a 30% increase in salary as a teacher). It must follow that the husband has met the burden of showing a change in circumstances since the last decree. Such is the burden placed upon one seeking a modification of that decree.Jenkins v. Jenkins, 406 So.2d 976 (Ala.Civ.App. 1981); Vines v.Vines, 409 So.2d 839 (Ala.Civ.App. 1981).
However, it must be remembered that even though there may be changed circumstances, modification of a prior judgment remains a matter within the discretion of the trial court. Blackwell v.Blackwell, 399 So.2d 313 (Ala.Civ.App. 1981). The exercise of that discretion will not be reversed on appeal unless it so clearly appears arbitrary and unjust as to amount to an abuse of discretion, Holman v. Holman, 435 So.2d 98 (Ala.Civ.App. 1983);Fuller v. Fuller, 368 So.2d 30 (Ala.Civ.App. 1979). It is further to be considered that the judgment of a trial court entered after oral hearing is presumed correct on appeal and will be set aside only if so unsupported by the evidence as to constitute a clear abuse of discretion.
In reviewing the evidence in this case with all of the stated principles in mind, we conclude that to require the husband to continue to pay the wife $300 per month alimony is arbitrary and unjust. The purpose of periodic alimony is to provide for the current and continuous support of the spouse. Dees v. Dees,390 So.2d 1060 (Ala.Civ.App. 1980). The sufficiency of the recipient spouse's estate, income, health and future prospects are pertinent factors for consideration as to need for and amount of periodic alimony. Huggins v. Huggins, 57 Ala. App. 691,331 So.2d 704 (1976). It has been established by the evidence in this case that the wife is apparently self-supporting, with income and estate as great or greater than that of the husband. Such was not their relative positions at the time of the divorce. The requisite change of circumstances has been established. We conclude the denial by the trial court to grant modification to be arbitrary and contrary to the evidence, thus an abuse of discretion. We therefore reverse and remand for a determination of present need of the wife, if any, of alimony, in light of present circumstances of the parties.
The request of the appellee for attorney fees on appeal is denied.
REVERSED AND REMANDED.
BRADLEY and HOLMES, JJ., concur. *Page 580