This is a periodic alimony modification case.
The parties to this appeal were divorced on January 30, 1979. The trial court ordered the husband, appellant, to pay the wife, appellee, $40 every other week as permanent alimony. The husband began to fall behind in the alimony payments around August 1981. He stopped paying alimony in January 1983.
On October 9, 1984 the wife petitioned the trial court for a rule nisi, alleging that the husband was delinquent in court-ordered payments for alimony. The husband filed an answer, admitting that he was in arrears, and a counterclaim, requesting that the trial court relieve him of his duty to pay permanent alimony to the wife. On March 8, 1985 the trial court entered a judgment in the amount of $2,870 (the arrearage) against the husband and denied his request for termination of periodic alimony payments. The husband appeals from that portion of the trial court's decree denying his request for relief from payment of periodic alimony.
A modification of an original award of periodic alimony may be granted only upon a showing of a material change in circumstances. Butler v. King, 437 So.2d 1300 (Ala.Civ.App. 1983). The decision as to whether periodic alimony should or should not be modified is within the trial court's discretion. The exercise of such discretion will be reversed only where there is such an abuse thereof by the trial court as to make its judgment plainly and palpably wrong. Murphy v. Murphy,470 So.2d 1297 (Ala.Civ.App. 1985).
The record reveals the following.
The husband testified that at the time of the parties' divorce he was earning $4.97 per hour as a shipyard worker. He continued to work at the shipyard until he was laid off sometime in 1982. He is currently employed parttime at Quincy's Restaurant, where he earns $3.35 an hour. His hours at Quincy's vary from twenty-eight to forty hours a week. In 1983 the husband remarried. His present wife has three children, all of whom live with the husband and his present wife. His present wife does not work. Her three children receive $251 a month from Social Security. The husband testified that the family's monthly income was approximately $580 and that the monthly expenses were approximately $845.
The wife (appellee) is unemployed and has no source of income. She lives with and cares for her mother, who is blind.
The husband contends on appeal that the trial court abused its discretion in denying his request for termination of alimony payments. We disagree.
We note that the burden of proving a material change in circumstances sufficient to warrant a modification of a previous decree relating to periodic alimony is on the party seeking such a change. McEntire v. McEntire, 345 So.2d 316
(Ala.Civ.App. 1977).
The changed circumstances asserted by the husband are his increased expenses and worsened financial condition. As mentioned above, the husband testified that his monthly living expenses exceeded his monthly income. A review of the record reveals that the expenses which the husband *Page 882 
contends prevent him from paying alimony are largely the result of his remarriage. The husband testified that he realized at the time he remarried in 1983 that he would have to continue to pay alimony to the ex-wife. We have held that increased living expenses due to remarriage do not necessarily constitute such a change in circumstances as would authorize a reduction or termination of periodic alimony payments. Snow v. Snow,393 So.2d 1020 (Ala.Civ.App. 1981); Clarke v. Clarke, 47 Ala. App. 558, 258 So.2d 902 (1972). Termination of the wife's alimony, where the husband's worsened financial condition is largely a result of his own choice, would be unfair to the wife. Although the husband testified that his income has decreased since the time of the divorce, it is not clear how much his income has actually decreased. Further, no testimony was given concerning the husband's expenses at the time of the divorce. We conclude, therefore, that the husband failed to meet his burden of proving a change in circumstances sufficient to justify a termination of periodic alimony. Accordingly, we affirm the order of the trial court.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.