This is a periodic alimony modification case.
James Louis Stewart (husband) and Peggy Ann Stewart (wife) were divorced in 1983 after twenty-three years of marriage. The divorce decree incorporated an agreement between the parties regarding alimony in gross, periodic alimony, and the division of the marital property. On September 25, 1987 the husband filed a motion to modify the divorce decree requesting the reduction or elimination of the periodic alimony. After an ore tenus proceeding the circuit court issued an order denying the motion to modify on January 20, 1988. The husband filed a motion for new trial, which the court also denied. This appeal followed.
On appeal the husband contends that the trial court abused its discretion by refusing to modify the divorce decree. We disagree and affirm the trial court.
A trial court may modify an award of periodic alimony in a divorce decree upon a showing of changed circumstances of one or both of the parties. McCalla v. McCalla, 497 So.2d 509
(Ala.Civ.App. 1986). The burden of establishing a material change in circumstances necessitating modification rests on the moving party. Boggan v. Boggan, 447 So.2d 1311 (Ala.Civ.App. 1984). The decision as to whether periodic alimony should be modified is within the trial court's discretion and cannot be reversed unless the trial court clearly abused that discretion. Robinsonv. Robinson, 475 So.2d 880 (Ala.Civ.App. 1985).
The record reveals the following.
In the settlement agreement which was incorporated into the divorce decree, the husband agreed to pay the wife $1,095.02 per month in periodic alimony, to be paid directly to the wife out of the husband's military retirement benefits. The wife received the marital home subject to an existing mortgage and agreed to pay several debts incurred during the marriage. The wife subsequently sold the house, quit her job as a school teacher, and returned to college to complete work on a master's degree. She obtained her master's degree in 1987 and began work as a teacher in the Dothan City School System. The husband has remarried and purchased a new home. He works, as he did at the time of the divorce, as an office manager.
In his motion to modify, the husband alleged the circumstances of the parties had materially changed in that the wife had realized a substantial amount of money from the sale of the marital home. The wife's success in liquidating assets is a factor to be considered, but does not in and of itself constitute a material change in circumstances. Cox v. Cox,485 So.2d 767 (Ala.Civ.App. 1986). The husband further alleged that his expenses had increased, primarily due to his remarriage and subsequent purchase of a new home. Again, while the husband's increased living expense due to remarriage is a factor in determining whether an award of periodic alimony should be modified, increased living expense in and of itself does not constitute changed circumstances. This is especially true when the increased expense results from the husband's voluntary decisions. Robinson, supra; Lloyd v. Lloyd,52 Ala. App. 374, 292 So.2d 668 (Ala.Civ.App. 1974). *Page 93 
Finally, the husband alleged a material change in circumstances had occurred because the wife had received a substantial pay raise as a result of obtaining her master's degree. The wife admitted that her yearly salary had increased some $8,000 since the time of the divorce. However, she also testified that she had lost almost two full years of salary while pursuing her master's degree. During that time she used a significant portion of the money realized on the sale of the marital home to pay living expenses. Her living expenses have increased since the time of the divorce.
The husband's ability to respond to the wife's financial need is a major factor in determining whether an award of periodic alimony should be modified. McCalla, supra. Here the evidence showed that the husband's salary had increased from $25,000 per year at the time of the divorce to about $30,000 per year at the time of the modification hearing. In addition, his military retirement benefits had risen from about $1,400 per month to $1,603 per month. The trial court properly considered the husband's increased financial ability.
The trial court may also consider the fact that the divorce decree was based on an agreement between the parties. Such a decree should be modified only for clear and sufficient reasons after a thorough investigation. Vines v. Vines, 409 So.2d 839
(Ala.Civ.App. 1981).
In the case at bar the trial court found no clear and sufficient reasons to modify the divorce decree. After a careful review of the record, we cannot say it abused its discretion by doing so. Therefore, the judgment of the trial court is affirmed.
The requests for attorney's fee by both parties are denied.
AFFIRMED.
HOLMES and INGRAM, JJ., concur.