ROBERTSON, Judge.
This is a divorce decree modification case.
The parties to this appeal were divorced in Mobile County, January 7, 1983. The divorce decree included, inter alia, an award of periodic alimony from the husband to the wife of $2900 monthly. The husband paid alimony as ordered for several years and then on his own reduced the amount of the monthly payment. He then filed, for a modification of the original decree, requesting a reduction in the amount *75 of alimony payments, alleging a material change in circumstances. In her response, the wife counterclaimed asking the court to hold the husband in contempt for failure to pay the past due alimony. After an ore terms hearing, the trial court reduced the alimony payments to $1900 monthly; granted an award of attorney’s fee for the wife; found the husband in contempt for failure to pay alimony as ordered; and ordered the husband to pay $14,169 to the wife, representing the amount of alimony arrearage. The husband’s post-trial motions were heard by the trial court and subsequently denied. The husband appeals. We affirm.
The dispositive issue on appeal is whether the trial court abused its discretion in the amount of monthly payments and arrearage ordered. The husband contends that he has had such a material change in circumstances that the amount of alimony he is ordered to pay will ultimately place him in bankruptcy. The changed circumstances he asserts are increased living expenses due to his remarriage and young daughter by the current marriage, and his worsened financial condition. The financial condition of which he complains is due to business deals he has chosen to make that have gone sour.
It is well established that the issue of alimony, or its modification, is solidly within the trial court’s discretion and will not be disturbed unless it is so arbitrary and unjust as to amount to an abuse of discretion. Robinson v. Robinson, 475 So.2d 880 (Ala.Civ.App.1985); Mullins v. Mullins, 475 So.2d 578 (Ala.Civ.App.1985).
The trial court had before it evidence of the financial conditions of the parties, as well as other necessary information it utilized in making its determination. Presumably, the trial court found enough change in circumstances in the husband’s financial condition to lower the monthly alimony payments. The trial court also had evidence before it supporting the order to pay the arrearage amount based on past due alimony. Clearly, these actions are within the judicial discretion of the trial court. Mullins, supra.
Reviewing the record with the appropriate presumptions, we are not persuaded that the trial court abused its discretion. For this court to reverse would be to substitute our judgment for that of the trial court. This the law does not permit. Brannon v. Brannon, 477 So.2d 445 (Ala.Civ.App.1985).
The wife’s request for attorney’s fee for representation in this appeal is granted in the amount of $500.
The judgment of the trial court is affirmed.
AFFIRMED.
HOLMES, P.J., and INGRAM, J., concur.