This case involves post-divorce proceedings.
The parties divorced in August 1990, and within a matter of weeks, both parties filed petitions seeking to modify the divorce decree. The wife sought custody of the parties' minor child and child support from the husband, while the husband sought a reduction or elimination of the periodic alimony obligation. After receiving ore tenus evidence in a modification hearing less than six months after the divorce, the trial court entered an order which included, inter alia, a judgment in favor of the wife for an alimony arrearage, and ordered the husband to pay monthly alimony of $606. The husband appeals.
On appeal, the husband contends that the trial court abused its discretion in failing to substantially reduce or eliminate the periodic alimony obligation and in calculating the arrearage. He contends that the trial court erred in failing to find that circumstances had materially changed since the divorce, including the employment and living situations of both of the parties, that were not contemplated when the alimony was established in the divorce decree. He argues that the trial court erred in failing to provide him any requested relief and that the trial court erred in calculating the alimony obligation and the alimony arrearage. It is the husband's position that the change in his employment and location was substantial, especially when coupled with *Page 294 
the new requirement that he pay child support which was not originally ordered.
The divorce decree ordered the husband to initially pay monthly periodic alimony of $750 to the wife. The decree provided for pro rata reduction of this amount in the event that the husband's base wage declined. At the modification hearing, both parties presented evidence regarding the husband's income, his employment, his obligations, his lifestyle, and his ability to pay the alimony and the arrearage based on the agreement incorporated in the divorce decree a few months earlier. That evidence conflicted and the record contains some evidence supporting the arguments of both parties.
It is well-established that when a trial court's findings are based on conflicting evidence which is presented ore tenus, a presumption of correctness automatically attaches to the resulting judgment. Blankenship v. Blankenship, 534 So.2d 320
(Ala.Civ.App. 1988). That judgment will be affirmed when it is supported by competent evidence unless it is shown to be palpably wrong. Blankenship, supra. The issue of alimony and its subsequent modification lies solidly within the trial court's discretion and will not be disturbed unless it is so arbitrary and unjust as to amount to an abuse of discretion.Robinson v. Robinson, 475 So.2d 880 (Ala.Civ.App. 1985);Mullins v. Mullins, 475 So.2d 578 (Ala.Civ.App. 1985). The law is clear that the party seeking the modification must show a material change of circumstances since the last decree and that whether to modify the decree is discretionary with the trial court even if a change is shown. Mullins, supra. The trial court must consider the financial needs of the wife and financial ability of the husband to respond to those needs in determining whether there has been a change in circumstances.McCalla v. McCalla, 497 So.2d 509 (Ala.Civ.App. 1986). The length of time separating the initial alimony award and the modification hearing are among the many factors proper for the trial court to consider in modification cases. Roberts v.Roberts, 395 So.2d 1035 (Ala.Civ.App. 1981).
We have thoroughly and carefully reviewed the record and choose to pretermit a lengthy discussion of specific facts in this case. To detail such would add nothing to the vast existing cases. Before the trial court for consideration was conflicting information from both parties regarding their financial conditions including information concerning their employment, their relocations and living conditions, their financial obligations and pressures, their future prospects, the financial needs of the wife and the ability of the husband to meet those needs, and the resources and assets available to each party. With all that pertinent information, the trial court apparently chose to believe the information provided by the wife to conclude that there had not been a material change in circumstances since the divorce decree. A trial court has within its discretion to disbelieve any testimony it deems questionable. James v. James, 532 So.2d 1031 (Ala.Civ.App. 1988). The trial court's order was clear that it was setting the periodic alimony and arrearage based on the agreement of the parties incorporated in the divorce decree only a few months earlier.
Our review of the record discloses evidence supporting the trial court's actions and no evidence sufficient to overcome the presumption of correctness of the trial court's judgment. Finding no abuse of discretion, we are not permitted to substitute our judgment for that of the trial court.Beckwith v. Beckwith, 475 So.2d 575 (Ala.Civ.App. 1985).
This case is due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., and RUSSELL, J., concur. *Page 295