The parties, Ellen P. Stevens and Ray Leroy Stevens, were divorced by the Marshall County Circuit Court in 1988, after a 25-year marriage. There were three children, two sons and a daughter, born of the marriage. At the time of the divorce, two of the children were over the age of majority, a daughter and a son; however, the parties' daughter suffers from Downs Syndrome and the trial court determined that she is unable to care for her physical or emotional needs. The mother was awarded custody of the parties' minor son and their disabled daughter; $400 per month as child support; $300 per month as periodic alimony; and the personal property in her possession. The father was awarded reasonable visitation with the minor son and the disabled daughter, and the personal property in his possession. The father was also ordered to pay all necessary and reasonable medical, dental, or optical care for the minor son and the disabled daughter, not paid by other sources.
On November 21, 1991, the mother filed a petition requesting that the trial court hold the father in contempt of court for his failure to pay child support and alimony as ordered.
On May 28, 1992, following an ore tenus proceeding on April 23, 1992, the trial court entered an order, adjudging the father in arrears of the payment of child support in the sum of $10,447 and of the payment of alimony in the sum of $12,900, for a total arrearage of $23,347. The trial court also held the father in contempt of court for his failure to pay child support and alimony as ordered. The father was incarcerated for a period of three days for his contempt of court. The trial court further stated that "[the] judgment [of contempt] remains in effect and should the [father] fail to pay support and alimony as herein ordered, he shall again be incarcerated." The trial court also reduced the father's child support to $200 per month because the parties' youngest son had attained the age of majority on April 27, 1992. On June 3, 1992, the father filed a motion for a new trial, which was denied.
On November 2, 1992, the father filed a petition for modification of the May 28, 1992, order, requesting that his alimony and child support obligations be suspended or reduced because of his inability to work. On December 7, 1992, the mother filed an answer to the father's petition and a counter-petition, requesting the trial court to hold the father in contempt of court for failing to pay alimony and child support as previously ordered. The mother also requested that the trial court award her a judgment for arrearages of alimony and child support that had accrued since the May 28, 1992, order.
On September 7, 1993, following an ore tenus proceeding on August 26, 1993, the trial court entered an order, suspending the father's obligation to pay alimony and child support. The trial court also entered a judgment in favor of the mother in the sum of $26,700 for the father's arrearage of child support and alimony, which included the judgment of May 28, 1992. The trial court also entered an additional judgment in the sum of $2,000 for child support and alimony arrearages for the months of June, July, August, and September 1993. On October 1, 1993, the mother filed a motion to alter, amend, or vacate the September 7, 1993, order, or in the alternative, for a new trial, *Page 827 
which the trial court denied on October 7, 1993.
The mother appeals raising two issues; (1) whether the trial court abused its discretion in suspending the father's alimony and child support obligations and, (2) whether the trial court erred in failing to impose sanctions on the father for nonpayment of support in contempt of the court's orders.
We first address the issue of whether the trial court abused its discretion in suspending the father's alimony and child support obligations. The provisions of any judgment of child support shall be modified only upon a showing of a material change of circumstances since the entry of the last judgment that is substantial and continuing. Moore v. Moore,575 So.2d 95 (Ala.Civ.App. 1990); Cassick v. Morgan, 628 So.2d 862
(Ala.Civ.App. 1993). The modification of child support will not be disturbed on appeal unless there is an abuse of discretion. Id.
The obligation to pay periodic alimony may be modified upon a showing of a material change in the financial needs of the payee spouse and the ability of the payor spouse to respond to those needs. McKenzie v. McKenzie, 568 So.2d 819
(Ala.Civ.App. 1990). A decision to modify periodic alimony is within the discretion of the trial court and that judgment will not be reversed on appeal except for an abuse of that discretion. Id.
The record reveals that the father requested the trial court to terminate his alimony obligation and reduce or suspend his child support obligation because he had longstanding back problems and was unable to work. However, at the August 26, 1993, ore tenus proceeding, the father testified that he was temporarily employed. The father also testified that he was working 40 hours per week, that he was earning $10 per hour, and that his monthly gross earnings were $1,732. The father testified that he had been injured in 1990 but that he had not applied for Social Security disability because his doctor had not prepared the paperwork. The father further testified that he had not made any alimony or child support payments in 1993. The record also reveals that the father had remarried and that his wife was employed.
The mother testified that the daughter receives approximately $390 per month from Social Security and that the daughter has a Medicaid card. The mother also testified that she has a part-time job but that she was on sick leave because of her back problem; she has a dysfunctional nerve in her back. The mother further testified that she earns $4.65 per hour and that her doctor only allows her to work four hours per day. The mother testified that the last payment she had received from the father was in August 1992 in the amount of $25. The mother also testified that she had received Food Stamps but when her youngest son went to work, her Food Stamps were terminated. The mother testified that her youngest son no longer lives with her and that she receives financial assistance from her mother, her brother, and her sons.
The record further reveals that at the time of the entry of the last judgment, May 1992, the father was unemployed; however, the record reveals that the father was gainfully employed, in August 1993, but that he chose not to pay his alimony and child support obligations. The record also reveals that the mother has need of such funds to support herself and the parties' disabled daughter.
After carefully reviewing the record, we find that the father failed to show a substantial and continuing material change in circumstances and, therefore, the trial court abused its discretion by suspending the father's alimony and child support obligations.
We next address the issue of whether the trial court erred in failing to impose sanctions on the father for nonpayment of support in contempt of the court's prior orders. "[W]hether a party is in contempt of court is a determination committed to the sound discretion of the trial court, and, absent an abuse of that discretion or unless the judgment of the trial court is unsupported by the evidence so as to be plainly and palpably wrong, this court will affirm." Stack v. Stack, [Ms. AV92000412, February 11, 1994] ___ So.2d ___ (Ala.Civ.App. 1994). The trial court found that the father is unable to work due to various surgeries but that the father was temporarily employed, doing light duty *Page 828 
work. The father testified that he was working and that he was earning $1,732 as gross income per month and that he chose to pay his bills and not pay his child support and alimony obligations. Furthermore, in its May 28, 1992, order, the trial court stated that "[the] judgment [of contempt] remains in effect and should the [father] fail to pay support and alimony as herein ordered, he shall again be incarcerated." Clearly, the father had the ability to pay his child support and alimony obligations. Moreover, the father admitted that he was in contempt of the trial court's prior orders. After consideration of all the evidence, we find that the trial court abused its discretion by failing to hold the father in contempt of court and by failing to impose such sanctions as may be necessary to effectuate compliance with the trial court's orders.
The judgment of the trial court is reversed and this cause is remanded to the trial court for further proceedings.
REVERSED AND REMANDED.
THIGPEN and YATES, JJ., concur.