MONROE, Judge.
This is an appeal from a judgment reducing periodic alimony payments.
The husband, Dan Fenton Millard, sued for a divorce on December 19, 1990. On February 27, 1991, the parties reached an agreement as to a property division, child custody, and visitation. The agreement was incorporated by the court in the divorce judgment, which was entered on March 22, 1991. Pursuant to the agreement, the following provisions were established: The wife, Ana Paula Millard, was awarded custody of the parties’ three minor children, at that time ages 12, 10, and 9. The husband was to pay the wife $4,000 in child support per month, to be reduced a proportionate amount when each child reached 19 years of age. The husband was to pay $3,500 in alimony per month until the wife remarried or cohabited; he was also to pay $25,000 to the wife upon execution of the agreement. The personal property was divided between the parties. The husband was required to maintain medical insurance for the children and life insurance to benefit the children and the wife. The wife was awarded the parties’ residence, valued at $200,000 to $225,000, which was encumbered by a first mortgage for $189,-769.85,[1] and by a second mortgage securing a home equity loan of $6,200. The wife was to assume full responsibility for the mortgage payments.
On August 30, 1994, the husband filed a motion to modify the child support and alimony provisions of the divorce judgment. He alleged that his income had been substantially reduced and that the needs of the wife had substantially decreased, and requested a reduction of his support obligations. The wife counterclaimed, requesting an increase in child support and alimony. After a hearing on the motion to modify, the trial court entered an order reaffirming the $4,000 monthly child support obligation and reducing the alimony obligation to $2,500 monthly. The wife appeals from the reduction of her periodic alimony.
A decision to modify an award of periodic alimony is within the trial court’s discretion and will not be disturbed on appeal except for an abuse of discretion. Stevens v. Stevens, 641 So.2d 825, 827 (Ala.Civ.App.1994). An obligation to pay alimony may be modified only upon a showing of a material change in circumstances that has occurred since the trial court’s previous judgment, and the burden is on the party seeking a modification to make this showing. Taylor v. Tay *1001 lor, 640 So.2d 971, 973 (Ala.Civ.App.1994). Thus, the moving party must show a material change in the financial needs of the payee spouse and in the financial ability of the payee spouse to respond to those needs. Stevens, 641 So.2d at 827. We further note that an alimony arrangement based on an agreement of the parties should be modified only for clear and sufficient reasons and only after a thorough investigation. Stewart v. Stewart, 536 So.2d 91, 93 (Ala.Civ.App.1988) (citing, Vines v. Vines, 409 So.2d 839 (Ala. Civ.App.1981)); Trammell v. Trammell, 589 So.2d 743, 745 (Ala.Civ.App.1991).
At the time of the divorce, the parties had been married for 13 years. They were married in Rhodesia, when the husband had six months remaining until completion of medical school. The wife, a native of Rhodesia, had completed high school and one year of college. At the beginning of the marriage, the wife was employed at a bank in Rhodesia performing bookkeeping duties, but for the most of the marriage she did not work outside the home. The husband, an anesthesiologist, is a partner in Anesthesia Services, P.C. His gross income from his medical partnership for 1990, the year preceding the divorce, was $352,910.[2] The wife worked part-time at Waldenbooks at the time of the divorce, earning approximately $70 per month.
In the years between the divorce and the modification hearing, the husband’s gross income from his medical partnership was $359,627 in 1991; $352,491 in 1992; $340,082 in 1993; and $293,896 in 1994. The wife continued to work part-time at the time of the modification hearing, earning an average of $128 per month. Although the 1994 earnings of Anesthesia Services, P.C. were consistent with the earnings from previous years, the husband experienced a decrease in his earnings because of an increase in the number of partners in his medical partnership; that increase in the number of partners decreased the amount of each partner’s share of the yearly profits. He also blames tax law changes for his lower take-home pay, and he argued that all of these factors, taken together, have made it impossible for him to pay his alimony and child support and continue to support himself.
We, however, do not believe that the adverse changes of which the husband complains rise to the level of a “material change in circumstances.” We further note that the husband did not show that the wife’s needs have decreased. Instead, he made issue of the fact that she has not pursued additional employment although she is arguably able to do so. Nevertheless, neither does this failure on her part amount to a change of circumstances. The fact remains that the wife continues to be responsible for family expenses, including the private school tuition of the parties’ three children, and for the mortgages on the home. Each party argues that the other lives extravagantly. The inference that the wife urges is that the husband can afford to pay his obligation; whereas the husband urges that the wife’s indulgences show a lack of need on her part. While that may be the case, we note that the parties obviously lived comfortably and somewhat extravagantly when married. All in all, the parties’ financial situations seem not to have changed significantly since the divorce.
Upon review of the record, we find that the husband failed to produce evidence sufficient to support a finding of a substantial and continuing material change of circumstances. See, e.g., Stevens, supra at 827. Therefore, we hold that the trial court abused its discretion in granting the husband’s request to modify the alimony owed.
Because we reverse for the above-stated reason, we need not address the wife’s argument that the trial court erred in modifying an integrated agreement between the parties and that the trial court erroneously excluded testimony regarding her increased expenses.
The husband’s request for an award of an attorney fee is denied.
*1002 The trial court’s judgment is reversed, and the cause is remanded for the entry of a judgment consistent with this opinion.
REVERSED AND REMANDED.
THIGPEN, YATES, and CRAWLEY, JJ., concur.
ROBERTSON, P.J., dissents.

. The divorce judgment states that the mortgage was in this amount. However, the husband testified at the modification hearing that the mortgage was for the amount of $205,000.

. We note that the husband explained that $53,-000 of his 1990 salary was a one-time payment that included a salary adjustment, and included a distribution from the partnership’s profit sharing plan that was required by tax laws because of an overpayment into the plan. We do not find the characterization of the payment dispositive, but believe it shows the inevitable fluctuations of a salary based mostly on a share of profits.