In March 1991, the parties were divorced pursuant to an agreement, the terms of which were incorporated into the judgment of divorce. The divorce judgment required the husband to pay the wife $4,000 in child support each month, that amount to be reduced by a proportionate share as each child reached 19 years of age. The husband was also to pay $3,500 in alimony per month until the wife remarried or cohabited. In August 1994, the husband filed a motion for the reduction of his support obligations, alleging that his income had been substantially reduced and that the needs of his wife had substantially decreased. The wife counterclaimed, requesting an increase in child support and alimony. The trial court granted the husband's motion to reduce alimony, reducing it to $2,500 per month. The wife appealed.
The Court of Civil Appeals reversed the judgment of the trial court and ordered that the original award be reinstated.Millard v. Millard, 683 So.2d 999 (Ala.Civ.App. 1996). The Court of Civil Appeals' opinion recognized that the husband had experienced a decrease in his earnings because an increase in the number of partners in his medical partnership had decreased the amount of each partner's share of the profits and because tax law changes lowered the husband's net income. The Court of Civil Appeals wrote:
 "We, however do not believe that the adverse changes of which the husband complained rise to the level of a 'material change in circumstances.' . . . All in all, the parties' financial situations seem not to have changed significantly since the divorce.
 "Upon review of the record, we find that the husband failed to produce evidence *Page 1003 
sufficient to support a finding of a substantial and continuing material change of circumstances."
Millard, 683 So.2d at 1001 (emphasis added).
The husband argues that the Court of Civil Appeals' opinion is contrary to prior decisions of this Court and the Court of Civil Appeals stating that an appellate court should not substitute its judgment for that of the trial judge.
 "It is well established in Alabama that the modification of an alimony provision based upon changed circumstances is a matter that rests within the circuit court's sound discretion. Furthermore, the ore tenus standard is applied to the ruling of the circuit court; thus, a presumption of correctness attaches to the ruling and the ruling will not be reversed unless it is not supported by the evidence and is clearly an abuse of the court's discretion. In Ex parte Jackson, 567 So.2d 867 (Ala. 1990), this Court specifically set out the standard of review applicable in a case involving alimony in which the circuit court hears oral testimony on conflicting evidence. We held:
 " 'Issues involving alimony and the payment of marital debts are within the sound discretion of the trial judge in a divorce action. The judge's ruling on these matters will not be disturbed unless it is a plain and palpable abuse of discretion.'
 567 So.2d at 868. See also Paajanen v. Paajanen, 600 So.2d 293 (Ala.Civ.App. 1992), and Brown v. Brown, 586 So.2d 919 (Ala.Civ.App. 1991).
 "Thus, when this Court or the Court of Civil Appeals reviews a circuit court's order, it is not to substitute its judgment of the facts for that of the circuit court. Rea v. Rea, 599 So.2d 1206
(Ala.Civ.App. 1992). Instead, our task is simply to determine if there was sufficient evidence before the circuit court to support its decision against a charge of arbitrariness and abuse of discretion. Peterman v. Peterman, 510 So.2d 822
(Ala.Civ.App. 1987)."
Ex parte Smith, 673 So.2d 420, 421-22 (Ala. 1995).
The evidence before the trial court supports its modification order; thus, the trial court did not abuse its discretion. In the trial court, the husband presented testimony that he had had a decrease in income of between 18% and 20% The trial court, after hearing two days of testimony, considered this decrease sufficient to constitute a material change in circumstances.
Based on Ex parte Smith, supra, and other cases applying theore tenus rule, we reverse and remand.
REVERSED AND REMANDED.
HOOPER, C.J., and MADDOX, ALMON, SHORES, HOUSTON, KENNEDY, COOK, and BUTTS, JJ., concur.