CRAWLEY, Judge,
concurring in part and dissenting in part.
I concur with that portion of the majority opinion affirming the trial court’s judgment ordering the father to pay $286 toward the child’s medical bills. I dissent, however, from that portion of the opinion reversing the trial court’s denial of the father’s request for a modification of custody.
The trial court specifically found that both parents love and care for the child and that, although the mother’s discipline was sometimes “inappropriate,” it was not abusive. An appellate court should not substitute its judgment for that of the trial judge. Ex parte Millard, 683 So.2d 1002, 1003 (Ala. 1996). I would affirm the judgment of the trial court.
The evidence established that the child had been diagnosed with attention deficit hyperactivity disorder (“ADHD”) and that a physician had prescribed Ritalin for the child. The father testified that he did not believe the child needed medication. When the child visited him on the weekend, he told the child not to take the Ritalin. The father conceded that he had “unilaterally decided” the boy *737 should not be on medication and that he had not consulted a physician about discontinuing the Ritalin.
The evidence established that, during the following week, the child’s teacher telephoned the mother about several serious behavior problems the child was having at school. The mother acknowledged that she had whipped the child that week with an electrical cord. From all the circumstances surrounding that incident, the trial court could have found that the mother’s inappropriate discipline stemmed from her attempt to impose some consistency in the face of conflicting parental signals the child was receiving.
The evidence established that when the child was placed in the father’s temporary custody, the father put the child in a different school. The father did not, however, see that the child’s records from his old school (including the documentation about his learning disabilities) were transferred to the new school. The child’s grades plummeted while he was in the father’s temporary custody. At the time of trial, all parties acknowledged that the child would have to repeat the third grade. The testimony tended to show that the father had promised to hire a tutor for the child but had not followed through with that commitment.
An affirmance of the trial court’s judgment would Hot suggest that this court condones the mother’s disciplinary methods. It would signify that we understand the different functions of the trial and appellate courts.