Ann Marie Tiongson and Glenn Daniel Tiongson were divorced in July 1995. The divorce judgment ordered, among other things, that the wife would have custody of the two children, that the husband's visitation would be exercised in the presence of the wife or in her locality, and that the husband would pay $1,500 monthly child support and $500 monthly periodic alimony.
In April 1997, the husband filed a petition to modify the divorce judgment. By that petition, he requested joint custody, increased unrestricted visitation, modifications in the terms for his payment of child support and his payment of medical expenses, and a reduction in periodic alimony. The wife answered and filed a counterpetition, alleging that the husband had a periodic-alimony arrearage and requesting that he be held in contempt for his failure to pay periodic alimony as ordered. The wife also moved to dismiss the husband's petition, alleging that the trial court did not have jurisdiction over the child-custody, child-support, and visitation issues. The trial court denied the motion to dismiss.
Following the presentation of ore tenus evidence, the trial court modified the custody and visitation provisions, but did not modify the child-support award. The trial court also terminated the husband's periodic-alimony obligation and ordered him to pay a $15,000 periodic-alimony arrearage within 30 days of the judgment. The wife filed a postjudgment motion, which the trial court denied.
The wife argues that the trial court erred by: (1) exercising jurisdiction over the child-custody, child-support, and visitation issues; and (2) terminating the husband's periodic-alimony obligation.
We conclude that Alabama courts do not have jurisdiction over the child-custody, child-support, and visitation issues. Both the Federal Parental Kidnapping Prevention Act ("PKPA"),28 U.S.C. § 1738A, and Alabama's version of the Uniform Child Custody Jurisdiction Act ("UCCJA"), Ala. Code 1975, § 30-3-23, provide that a court has jurisdiction over a child-custody case if the child is a resident of the state or has been a resident of the state within six months before the action is filed and one of the parents continues to reside in the state. In this case, the wife and the child had lived in Indiana for *Page 645 
almost two years at the time the husband filed his petition to modify, and the husband was living in Virginia at that time. Therefore, an Alabama court did not have jurisdiction over the child-custody, child-support, and visitation issues. The trial court erred by exercising jurisdiction over those issues.
The wife next argues that the trial court erred by terminating the husband's periodic-alimony obligation. Periodic alimony is a matter resting within the sound discretion of the trial court, and its judgment is presumed correct and will not be reversed absent a showing of an abuse of discretion. Brannon v.Brannon, 477 So.2d 445 (Ala.Civ.App. 1985). The trial court may modify an award of periodic alimony upon a showing of a change in circumstances. Boudreaux v. Boudreaux, 550 So.2d 1030
(Ala.Civ.App. 1989).
We conclude that the trial court did abuse its discretion by terminating the husband's periodic-alimony obligation. The wife testified that she has enrolled as a full-time college student; that she has limited her work so as to accommodate the demands of her schooling; and that she now makes less than $1,000 per month. The husband contends that the termination of the periodic alimony is justified because the wife is voluntarily underemployed. The wife was previously employed as a medical assistant and as a teacher's aide.
We conclude that the husband's argument regarding the wife's voluntary underemployment is not relevant to the facts of this case. In his brief, the husband cites Johnson v. Johnson,597 So.2d 699 (Ala.Civ.App. 1991), for the proposition that he is not required to subsidize the wife's choice to return to school. In Johnson, the wife was ordered to pay child support. She filed a petition to terminate her child-support obligation because she had quit her job to attend law school. The trial court terminated her obligation. This court held that the trial court had abused its discretion by terminating the wife's child-support obligation. This court reasoned that the trial court did not focus on whether the wife had the ability to pay the child support and that the wife's choice to return to school did not affect her ability to earn income.
In this case, the wife is the recipient of a periodic-alimony award. The wife in Johnson was the payor of a child-support obligation, and she sought to terminate her own obligation based upon her own decision to quit her job. In this case, the wife is not seeking any increase in the amount she receives from the husband. The underemployment of the wife in this case does not impact the husband's ability to continue to pay her periodic alimony. If the wife had petitioned for an increase in her periodic alimony, it would be relevant to consider her voluntary underemployment as a reason not to increase her periodic alimony. See Romano v. Romano, 703 So.2d 374 (Ala.Civ.App. 1997) (holding that the trial court did not abuse its discretion in finding the mother to be voluntarily unemployed and imputing income to her). We conclude that the wife's underemployment is not relevant to the husband's petition to terminate her periodic-alimony obligation.
Moreover, we conclude that the husband failed to present other evidence of a material change in circumstances that would warrant a termination of his periodic-alimony obligation. The husband argued that his income had decreased; however, the evidence is undisputed that since the time of the divorce his monthly income has increased from $5,100 to $6,300. The husband testified that he has increased expenses because his second wife is expecting twins and because he plans to adopt her child from a previous marriage. The husband unpersuasively argues that the wife has made voluntary decisions that he should not subsidize, while at the same time he argues that the wife should relinquish her right to receive periodic alimony, pursuant to the agreement he entered with *Page 646 
her, because of voluntary decisions he has made. We conclude that the trial court erred by terminating the husband's periodic-alimony obligation.
The portion of the trial court's judgment relating to child custody, child support, and visitation is reversed for lack of subject-matter jurisdiction. That portion of the judgment terminating the husband's periodic-alimony obligation is reversed, and the cause is remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
YATES, MONROE, and THOMPSON, JJ., concur.
ROBERTSON, P.J., dissents.