*699
On Application for Rehearing

MONROE, Judge.
The opinion of June 9, 2000, is withdrawn, and this opinion is substituted therefor.
David Wesley Webb (the husband) and Nancy Wellborn Webb (the wife) were divorced in 1989, after 18 years of marriage. Two children, both now adults, were born of the marriage. The wife was awarded $1,000 per month in alimony. The husband was also ordered to maintain a $50,000 life insurance policy naming the two minor children and the wife as beneficiaries until the children reached majority, became self-supporting, or married, at which time the wife was to become the sole beneficiary. The husband was awarded custody of the children.
In 1992, the amount of alimony to the wife was reduced to $600 per month after the husband had petitioned for a modification. The wife filed a pro se petition to increase the alimony award in February 1999. The husband filed a pro se petition to decrease or terminate the alimony award in April 1999. Both petitions were denied. In June 1999, the husband filed another petition to terminate or reduce the alimony award. The trial court granted the husband’s request for termination of alimony and also relieved him of the obligation to maintain a life insurance policy naming the wife as the beneficiary. The wife appeals.
A decision to modify an award of periodic alimony is within the trial court’s discretion and will not be disturbed on appeal except for an abuse of discretion. Stevens v. Stevens, 641 So.2d 825, 827 (Ala. Civ.App.1994). An obligation to pay alimony may be modified only upon a showing of a material change in circumstances that has occurred since the trial court’s previous judgment, and the burden is on the party seeking a modification to make this showing. Taylor v. Taylor, 640 So.2d 971, 973 (Ala.Civ.App.1994). Thus, the moving party must show a material change in the financial needs of the payee spouse or in the financial ability of the payor spouse to respond to those needs. Stevens, 641 So.2d at 827. We further note that an alimony arrangement of the parties should be modified only for clear and sufficient reasons and only after a thorough investigation. Stewart v. Stewart, 536 So.2d 91, 93 (Ala.Civ.App.1988), citing Vines v. Vines, 409 So.2d 839 (Ala.Civ.App.1981).
The wife argues that the trial court erred in modifying the periodic alimony because, she argues, the evidence was insufficient to establish a change in circumstances. We agree.
While the parties were married, the husband was a pilot and obtained the rank of major in the United States Air Force. The wife worked minimally during the early years of the marriage. She became mentally ill during the marriage and was hospitalized several times, beginning in 1985. The wife is currently under the care of a psychiatrist, a licensed counselor, and a neurologist, and is on psychotropic medications. She testified that she had been hospitalized for psychiatric illness seven or eight times. She testified that she is currently taking medication for depression. The evidence indicates that she has been taking medication for a mental illness for 14 to 15 years and has never been determined to be stabilized on medication. She testified that her doctors were “not able to stabilize [her] long enough for [her] to apply for a job, let alone hold a job.” The wife further explained that she suffers mood swings and that she has been diagnosed with having “depressive neurosis with attention deficit disorder.”
The record indicates that the wife’s mental health has declined to such an extent that in June 1996 the Social Security Administration determined her to be completely disabled. She has not maintained employment since 1995. The wife’s 1998 tax return lists her income as $9,157, which includes the alimony from the hus- ■ band and Social Security disability bene *700 fits. The level of her income qualifies her for subsidized housing.
The record indicates that the husband is currently employed in the private sector as a commercial pilot. His monthly income is $5,818, which includes his military retirement. The husband has remarried and he and his new wife had a combined income of $106,909 in 1998, according to their tax returns. The husband received a $2,220 per month pay increase in 1999. The husband also owns a private airplane for his personal use; he spends $400 per month on it for insurance, storage, and upkeep.
The evidence in the record indicates that the husband’s income has increased substantially while the wife’s mental health has deteriorated to the point where she is disabled and residing in public housing. This court stated in Paajanen v. Paajanen, 600 So.2d 293 (Ala.Civ.App.1992), that in determining whether a material change in circumstances has occurred since the last order, the court must consider the financial needs of the payee spouse and the financial ability of the payor spouse to meet those needs. Since the trial court modified the amount of alimony paid by the husband to the wife in 1992, the husband has left the Air Force, with retirement benefits; has obtained employment in the private sector as a commercial pilot; and has remarried and is currently living in a two-income household. The evidence in the record substantiates that the wife is in need of alimony to remain self-sufficient, and it indicates that she is unable to earn an income that would make her self-sufficient.
The husband contends that his circumstances have changed and that he is unable to continue to pay alimony to the wife. He testified that these changes in circumstances involve two minor children currently living in his household. However, one of these children is his 14-year-old stepson, and the other is the 8 year old daughter of his subsequent marriage. The husband testified that he could no longer pay alimony to the wife because he said, he was “trying to prepare to send his children to college, provide braces, all those other things that get more expensive as you get into teen years.” This court in DeShazo v. DeShazo, 582 So.2d 564 (Ala.Civ.App.1991), held that a petition to modify based on anticipated future inability to pay is speculative and that such a petition should be filed after the change in circumstances has occurred. The future expenses to which the husband refers are speculative changes in circumstances, and this court will not consider them.
The husband also contends that his financial needs have increased over the past several years and that this fact further contributes to his inability to continue to pay alimony to the wife. In Stewart v. Stewart, 536 So.2d 91 (Ala.Civ.App.1988), we held that although remarriage and the purchase of a new home may cause an increase in living expenses, this increase does not in itself constitute a change in circumstances warranting a modification of alimony.
Upon review of the record, we conclude that the husband failed to produce sufficient evidence to support a finding of a material change in his financial ability to continue paying alimony. Therefore, we hold that the trial court erred in granting the husband’s request for a modification of the alimony order.
The judgment is reversed, and the cause is remanded for further proceedings consistent with this opinion.
We pretermit discussion of the remaining issues raised by the wife.
OPINION OF JUNE 9, 2000, WITHDRAWN; OPINION SUBSTITUTED; APPLICATION FOR REHEARING OVERRULED; RULE 39(k) MOTION DENIED; REVERSED AND REMANDED.
ROBERTSON, P.J., and YATES, CRAWLEY, and THOMPSON, JJ„ concur.