On Application for Rehearing ■

THOMAS, Judge.
The opinion of February 21, 2014, is withdrawn, and the following is substituted therefor.
Mary Jo Blount (“the former wife”) appeals from a judgment of the Madison Circuit Court (“the trial court”) in favor of Dale Herrin Blount (“the former hus *938 band”). We affirm the judgment of the trial court.
The parties were divorced in September 1990. The divorce judgment, which incorporated an agreement of the parties, ordered the former husband to pay the former wife $500 per month in periodic alimony.[1] On September 5, 2012, the former wife filed in the trial court a petition for a modification of the divorce judgment in which she alleged that there had been a material change in circumstances and requested that the trial court increase her monthly periodic-alimony award. The former husband filed an answer to the petition on September 25, 2012.
A trial was held on April 23, 2013, at which the trial court heard evidence ore tenus. The trial court entered a judgment on May 3, 2013, in which it found that there had not been a material change in circumstances and denied the former wife’s request for a modification of alimony. The former wife filed a timely appeal with this court on May 9, 2013.
In her brief on appeal, the former wife argues that the trial court exceeded its discretion by failing to modify her award of periodic alimony and by failing to award her an attorney fee.
“Periodic alimony and its subsequent modification are matters resting within the sound discretion of the trial court, and the trial court’s judgment as to those issues will not be reversed absent a showing of an abuse of discretion. Tiongson v. Tiongson, 765 So.2d 643, 645 (Ala.Civ.App.1999).
“In Bray v. Bray, 979 So.2d 798 (Ala.Civ.App.2007), this court set forth the applicable standard of review as follows:
“ ‘ “Our standard of review when reviewing an appeal from a judgment granting or denying a requested modification of alimony is well settled.
“““An obligation to pay alimony may be modified only upon a showing of a material change in circumstances that has occurred since the trial court’s previous judgment, and the burden is on the party seeking a modification to make this showing. ...’
“ ‘ “Glover v. Glover, 730 So.2d 218, 220 (Ala.Civ.App.1998) (citation omitted).”
“ ‘Ederer v. Ederer, 900 So.2d 427, 428 (Ala.Civ.App.2004).’
‘““Where a trial court receives ore tenus evidence, its judgment based on that evidence is entitled to a presumption of correctness on appeal and will not be reversed absent a showing that the trial court abused its discretion or that the judgment is so unsupported by the evidence as to be plainly and palpably wrong.”
‘“Sellers v. Sellers, 893 So.2d 456, 457-58 (Ala.Civ.App.2004).’
“979 So.2d at 800.”
Santiago v. Santiago, 122 So.3d 1270, 1278 (Ala.Civ.App.2013).
The former wife was 72 years old at the time of the trial. She testified that when the parties divorced in 1990 she was 50 years old and worked as a receptionist at a hospital earning $14,172 per year. According to the former wife, she had had difficulty maintaining employment as a receptionist or secretary after the divorce and is no longer qualified to hold those types of positions because, she said, she does not have the necessary computer *939 skills. The former wife further testified that since 2001 she has been working as a substitute teacher and as a child-care worker; she also testified that she began teaching ballroom dancing in 2005.
The former wife testified that her yearly taxable income, as shown on her income-tax returns, was $11,931 in 2008, $17,031 in 2009, $11,153 in 2010, $11,308 in 2011, and $15,230 in 2012. She specifically testified that her 2012 taxable income was composed of $6,780 she earned as a substitute teacher, $6,000 in alimony from the former husband, $2,436 from distributions from an individual retirement account (“IRA”), and $14 she earned, after deducting expenses, as a ballroom-dancing instructor. She also testified that she received $8,766 in Social Security benefits that were not included in her total income because those benefits are not taxed. The former husband’s attorney questioned the former wife regarding the expenses she claimed as business deductions from the income she earns as a ballroom-dancing instructor. The former wife testified in 2012 that she earned $4,021 teaching ballroom dancing, although she claimed only $14 as income from that endeavor on her tax return. However, she also admitted that the business expenses that she deducted were not incurred by her but, rather, by Vince Guerin, her dance partner who assists her with the ballroom-dancing instruction.
The testimony of both parties was that the former wife had been awarded roughly half the parties’ divisible assets in the divorce judgment.[2] The former wife had been awarded approximately $40,000 as her share of the equity in the marital residence. The former wife also had been awarded 100 acres the parties had owned in Indiana; the former husband had been awarded 140 acres, also in Indiana.[3] The former wife sold her 100 acres for $125,000 in 1993; according to her, the rent that she had received from the 100 acres was less than the taxes and other maintenance costs related to that property. The former husband testified that the 140 acres he still owned was currently worth approximately $1,000,000. The former wife further testified that she had been awarded her IRA that was worth approximately $20,000 at the time the divorce judgment was entered, $75,000 as her share of the parties’ investments, and $14,000 from another retirement account; the IRA, she testified, was worth approximately $73,000 at the time of the trial.
The former wife testified that she suffers from reflux esophagitis, irritable-bowel syndrome, insomnia, vertigo, lumbar scoliosis, arthritis, osteoporosis, and sciatic-nerve issues. She also introduced a list of her actual expenses from 2009 through 2012. She testified that she could not afford a computer, a cellular telephone, or cable television. She also testified that her house was in need of significant repairs, including repairs necessitated by termite damage, that she could not afford; she testified that she estimated that it would cost $16,287 to make the necessary repairs. In all, the former wife testified, her total monthly expenses for basic needs and repairs was $3,295. She asked the trial court to increase her monthly alimony award from $500 to $1,500.
The former husband testified that he is retired from NASA and that he *940 receives civil-service retirement benefits. The former husband’s 2012 income-tax return indicated that his total income for that year was $75,134. He testified that his monthly expenses were $4,925, which included gifts for the parties’ children and grandchildren. The former husband testified that, in addition to his civil-service retirement benefits, he has a Scott Trade IRA worth $280,256, a Scott Trade stock account worth $153,000, a Merrill Lynch account worth $101,489, an Edward Jones account worth $98,741, and an additional Edward Jones account (“the second Edward Jones account”) worth $32,000. The record indicates that the former wife is the beneficiary of the second Edward Jones account. The former husband also testified that he has two bank accounts containing $25,521 and $51,864, respectively. Additionally, the former husband testified to having investments in silver and gold worth $206,365 combined. The former husband also testified that he is 76 years old and that he suffers from acid reflux, a “low thyroid,” and diabetes, that he had had open-heart surgery, and that he had been diagnosed with non-Hodgkin’s lymphoma.
“At trial, the party seeking to modify á trial court’s judgment regarding alimony must make a showing that, since the trial court’s previous judgment, there has been a ‘material change in the circumstances of the parties.’ Posey[ v. Posey], 634 So.2d [571,] 572 [ (Ala.Civ.App.1994) ] (citing Garthright v. Garthright, 456 So.2d 825 (Ala.Civ.App.1984)). ‘ “Thus, the moving party must show a material change in the financial needs of the payee spouse and in the financial ability of the payor spouse to respond to those needs.” ’ Sosebee v. Sosebee, 896 So.2d 557, 560 (Ala.Civ.App.2004) (quoting Glover v. Glover, 730 So.2d 218, 220 (Ala.Civ.App.1998)).”
Newsome v. Newsome, 984 So.2d 463, 465-66 (Ala.Civ.App.2007).
Because the former husband was receiving more income at the time of the alimony-modification proceeding than he was receiving at the time of the parties’ divorce, there was evidence in the record indicating that the former husband’s financial ability to support the former wife had increased. There was no evidence, however, of a material change in the needs of the former wife. See Sosebee v. Sosebee, 896 So.2d 557, 563 (Ala.Civ.App.2004). The former wife testified that she could not afford $368 per month, or $4,416 per year, of necessary expenses; however, the former husband pointed out that in 2012 she had deducted a little over $4,000 in business expenses that she had not personally incurred from her total income. Furthermore, the former wife presented no evidence to indicate that her increased expenses constituted a “material change” so as to warrant an alimony modification. See Posey, supra. Rather, the former wife essentially testified that her need for increased alimony was based upon the increase in the cost of living over 22 years.
In Stewart v. Stewart, 536 So.2d 91, 92 (Ala.Civ.App.1988), this court affirmed, a trial court’s denial of a former husband’s petition to reduce or terminate the alimony he had been previously ordered to pay the former wife. The former husband asserted that the former wife’s income had increased and that his ability to pay had decreased due to his remarriage and the purchase of a new home. Id. at 92-93. In affirming the judgment of the lower court, this court stated that, “while the husband’s increased living expense due to remarriage is a factor in determining whether an award of periodic alimony should be modified, increased living expense in and of itself does not constitute changed circumstances.” Id. at 92.
*941 Likewise in Webb v. Webb, 780 So.2d 698 (Ala.Civ.App.2000), a former husband petitioned the trial court to terminate the alimony that he had previously been ordered to pay the former wife. The former husband asserted that he could no longer afford to pay the ordered alimony because he had remarried and supported both a stepchild and a child that was born of the second marriage; he also argued that his financial needs had increased over the years. Id. at 699. This court, citing Stewart, supra, stated that, “although remarriage and the purchase of a new home may cause an increase in living expenses, this increase does not in itself constitute a change in circumstances warranting a modification of alimony.” Id. at 700. This court affirmed the denial of the former husband’s petition and held that the former husband had not provided sufficient evidence to support a finding of a change in material circumstances rendering him unable to continue paying alimony. Id.
In the present case, the trial court was in the unique position to observe the witnesses and to evaluate their demeanor. It could have determined that the former wife was not credible. The trial court heard evidence indicating that the divorce judgment awarded the former wife approximately half the parties’ marital assets and that the former wife had determined how to manage those assets, including the Indiana farmland. The trial court could have determined that the former wife had chosen not to seek additional education and training to further her job prospects. The trial court could have determined that the former wife was requesting a modification of alimony based upon a need created by her own voluntary actions, similar to the petitioners in Stewart, supra, and Webb, supra, and, like we held in those cases, circumstances created by the petitioner’s voluntary actions do not necessarily constitute a material change in circumstances warranting a modification of an alimony award. It is also reasonable that the trial court might have also determined that the former wife had earned more income than she presented on her tax returns. In addition, “[t]he trial court may also consider the fact that the divorce [judgment] was based on an agreement between the parties. Such a [judgment] should be modified only for clear and sufficient reasons after a thorough investigation.” Stewart, 536 So.2d at 93 (citing Vines v. Vines, 409 So.2d 839 (Ala.Civ.App.1981)).
The former wife also argues on appeal that the trial court exceeded its discretion in failing to award her an attorney fee. “ ‘Whether to award an attorney fee in a domestic relations case is within the sound discretion of the trial court and, absent an abuse of that discretion, its ruling on that question will not be reversed.’ ” Lackey v. Lackey, 18 So.3d 393, 402 (Ala.Civ.App.2009) (quoting Glover v. Glover, 678 So.2d 174,176 (Ala.Civ.App.1996)).
The former wife argues that because of her limited income, and the former husband’s ability to pay, the trial court exceeded its discretion by not awarding her an attorney fee. We disagree. The trial court, based on the evidence presented, could have determined that the former wife had earned more income than she presented on her income-tax returns. Therefore, we do not conclude that the trial court erred to reversal by not awarding the former wife an attorney fee.
The trial court found no clear and sufficient reasons to modify the divorce judgment. After a careful review of the record, we cannot say that it exceeded its discretion by doing so. Nor do we find error in the trial court’s refusal to award the former wife an attorney fee. There *942 fore, the judgment of the trial court is due to be affirmed.
The former wife’s request for an attorney fee on appeal is denied.
APPLICATION GRANTED; OPINION OF FEBRUARY 21, 2014, WITHDRAWN; OPINION SUBSTITUTED; AFFIRMED.
PITTMAN and DONALDSON, JJ„ concur.
MOORE, J., dissents, with writing, which THOMPSON, P.J., joins.

. The record indicates that the divorce judgment was modified once since 1990 in order to resolve an issue involving a life-insurance policy.

. The former wife was not awarded any portion of the former husband's retirement benefits in the 1990 divorce judgment; retirement benefits were not considered a marital asset subject to division at that time.

. The former wife testified that the 1990 divorce judgment ordered the parties to sell all the real property in Indiana, but, according to the former wife, the former husband had refused to sell the property.